618 A.2d 1231

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING

v.

Janice Lynn CLAYPOOL, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 25, 1992.

Decided Dec. 22, 1992.

Irving L. Bloom, for appellant.

David R. White, Asst. Counsel for Appellate Section, for appellee.

Before CRAIG, President Judge, PELLEGRINI, J., and BLATT, Senior Judge.

CRAIG, President Judge.

In this driver's license suspension appeal, Janice Lynn Claypool (licensee) appeals from an order of the Court of Common Pleas of Westmoreland County denying her appeal of the Department of Transportation's suspension of her driv-

ing privileges through the year 2016 for multiple violations of the Drug Act.[1]

The licensee appeals on the sole issue that, because the court clerk failed to certify her convictions to the department within ten days, as required by section 13(m) of the Drug Act, 35 P.S. § 780–113(m), her license suspensions should be invalidated.

Because we hold that the provision relating to the time for court clerks to certify convictions in section 13(m) of the Drug Act is directory and not mandatory, we affirm the trial court and authorize the department to reinstate the suspensions of the licensee's driving privileges.

The relevant facts are as follows. The licensee was convicted on September 4, 1991 of six violations of section 13(a)(16) of the Drug Act, 35 P.S. § 780–113(a)(16) (possession of a controlled substance), and for nine violations of section 13(a)(30) of the Drug Act, 35 P.S. § 780–113(a)(30) (possession with intent to deliver a controlled substance).

In addition to the criminal penalties for those violations, section 13(m) of the Drug Act provides that a person convicted of certain violations shall have his or her operating privilege suspended, ninety days for the first offense, one year for the second offense, and two years for the third offense and any thereafter. Section 13(m) of the Drug Act further states that "The clerk of any court of this Commonwealth, within ten days after final judgment of conviction for violations of this act requiring suspension under this section, shall send to the Department of Transportation a record of the conviction on a form provided by the Department of Transportation."

The licensee and the department agree that in this case, the court clerk did not certify the convictions to the department until September 27, 1991, twenty-three days after the date of conviction.

---

1. The Controlled Substance, Drug, Device and Cosmetic Act, (Drug Act) Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §§ 780–101–780–144.

■ The department notified the licensee of her suspensions on October 24, 1991, from which the licensee appealed to the trial court, arguing that her suspensions should be invalidated on the ground that the court clerk failed to certify her convictions to the department within ten days as required by the Drug Act. After a hearing in which he took no additional testimony, the Hon. Richard E. McCormick, Jr. denied the licensee's appeal, relying on *Chappell v. Commonwealth,* 59 Pa.Commonwealth Ct. 504, 430 A.2d 377 (1981). The licensee then appealed to this court.[2]

In *Chappell* this court reviewed section 6323 of the Vehicle Code, 75 Pa.C.S. § 6323, which also provides that the court clerk shall send a record of a conviction to the department within ten days of the date of conviction. In that case we held that a court clerk's lateness could not cancel the department's power and duty to suspend the driving privileges of a person convicted of drunken driving, when the Vehicle Code was meant to protect the public from unsafe drivers on the road. *Id.* The same reasoning applies here.

■ When deciding whether "shall" should be interpreted as mandatory or merely directory, legislative intent is controlling. *Commonwealth v. Kowell,* 209 Pa.Superior Ct. 386, 228 A.2d 50 (1967). When it relates to the time of doing something, "shall" has generally been regarded as directory, unless time is of the essence or the statute indicates that the provision is mandatory. *Id.* at 389, 228 A.2d at 52. As the Superior Court stated in *Pleasant Hills Borough v. Carroll,* 182 Pa.Superior Ct. 102, 106–07, 125 A.2d 466, 469 (1956):

> To hold that a provision is directory rather than mandatory, does not mean that it is optional—to be ignored at will. Both mandatory and directory provisions of the legislature are meant to be followed. It is only in the *effect* of noncompliance that a distinction arises. A provision is mandatory when failure to follow it renders the proceedings to

2. Our scope of review is limited to whether the trial court committed an error of law, abused its discretion, or whether its findings are supported by substantial evidence in the record. *Department of Transportation, Bureau of Traffic Safety v. Korchak,* 506 Pa. 52, 483 A.2d 1360 (1984).

which it relates illegal and void; it is directory when the failure to follow it does not invalidate the proceedings. (Emphasis in original.)

We conclude here, as we have done in Vehicle Code cases beginning with *Chappell* through *Department of Transportation, Bureau of Driver Licensing v. Green,* 119 Pa.Commonwealth Ct. 281, 546 A.2d 767 (1988), *aff'd per curiam,* 524 Pa. 98, 569 A.2d 350 (1990), that the provision requiring the court clerk to certify convictions to the department within ten days is directory and not mandatory. Given that the intent of the Drug Act as a whole is to promote public health and safety, we can reasonably interpret section 13(m) of the Drug Act as a measure designed to promote traffic safety by suspending the licenses of those persons convicted of drug-related offenses, and to get them off the road as quickly as possible. Therefore, this court would contravene the purpose of the Drug Act if we allowed delays in the judicial system to invalidate driver's license suspensions merited by Drug Act convictions.

Contrary to the arguments advanced by the licensee, there is no evidence that the legislature intended to make the timely certification of records by court clerks mandatory when it amended the Drug Act in 1990. The earlier version of section 13(m) of the Drug Act had stated that, "A copy of the court order shall be transmitted to the Department of Transportation," and it was amended in 1990 to its present form which gives a ten day limit for the transmission of convictions to the department.[3]

Although the amended version provides more definite requirements for timely certification by court clerks than the earlier version, there is no evidence that the legislature sought to link the effectiveness of sanctions imposed by the Drug Act to the actions of court clerks throughout the Commonwealth. The legislature has made certain acts mandatory by so stating

3. The Drug Act was amended by § 1 of the Act of December 17, 1990, P.L. 747, No. 187, effective February 15, 1991.

directly in the statute, but it did not do so with this provision of the Drug Act.[4]

Furthermore, as this court decided in *Green*, tying the department's attempts to keep unsafe drivers off the road to the performance of court clerks, over whom the department has no power to supervise or reprimand, is unsound policy. *Green*, 119 Pa.Commonwealth Ct. at 284, 546 A.2d at 769. "This court's rule therefore protects the vehicle safety laws from vulnerability to delays within a system where detection and correction of official failure would be much more difficult." *Id.*

Because of our resolution of the sole ground pursued by the licensee, there is no need to rule on the department's positions concerning standing, the absence of a hearing transcript, or the need for multiple appeals.

Accordingly, we affirm the trial court and authorize the department to reinstate the licensee's suspensions.

## ORDER

NOW, December 22, 1992, the decision of the Court of Common Pleas of Westmoreland County, No. 9222 of 1991, dated April 3, 1992, is affirmed, and the Department of Transportation is authorized to reinstate the driver's license suspensions of Janice Lynn Claypool.

4. For example, if the department fails to issue a license suspension within six months of a conviction based on the accumulation of points assessed for Vehicle Code violations, the license suspension is barred, according to section 1551 of the Vehicle Code, 75 Pa.C.S. § 1551.