PEOPLE UNITED TO SAVE
HOMES, Petitioner,

v.

DEPARTMENT OF ENVIRONMEN-
TAL PROTECTION and Eighty–Four
Mining Company, Respondents.

Commonwealth Court of Pennsylvania.

Argued Oct. 9, 2001.
Decided Nov. 19, 2001.
Publication Ordered Feb. 8, 2002.

Janet M. Sloan and Robert P. Ging, Jr., Confluence, petitioner.

Michael J. Heilman and Thomas C. Reed, Pittsburgh, for respondents.

Before PELLEGRINI, Judge, LEADBETTER, Judge, (P.), and JIULIANTE, Senior Judge.

PELLEGRINI, Judge.

People United to Save Homes (PUSH)[1] petitions for review of an order of the Environmental Hearing Board (EHB) dismissing its appeal and affirming the Department of Environmental Protection's (DEP) issuance of a renewal permit to Eighty–Four Mining Company (84 Mining).

This dispute concerns whether 84 Mining is precluded from having its permit renewed for its longwall mine because it failed to file for renewal of its permit within 180 days of the time it was to have expired as set forth in 25 Pa.Code § 86.55, as well as continuing to operate that mine after the permit had expired. On June 6, 1997, 84 Mining submitted a permit renewal application to DEP for its coal mine located in Washington County, Pennsylvania, in order to extend its existing permit that would expire on October 7, 1997. On November 4, 1997, DEP issued the renewal permit.[2] Alleging that DEP improperly issued the renewal permit to 84 Mining because (1) 84 Mining submitted its renewal application less than 180 days from the expiration day of the permit as set forth at 25 Pa.Code § 86.55; (2) DEP could not renew an expired permit; and (3) 84 Mining unlawfully continued its mining operations between October 8, 1997, and November 4, 1997, without a valid permit, PUSH filed an appeal with the EHB.

Before the Board, DEP presented the testimony of Joseph F. Leone (Leone), Chief of the Bituminous Mining Section, who stated that DEP had a policy of sending written reminders to mine operators prior to the 180 day renewal period in order to notify them that their permit was

---

1. PUSH is an organization representing property owners within the boundary of a subsidence control plan for a coal mining activity permit issued to 84 Mining.

2. In the interim period between October 7, 1997, when its existing permit expired and November 4, 1997, when the DEP issued the renewal permit, 84 Mining continued its mining operation.

up for renewal. He testified, however, that because he had been unable to get to the lists of permits up for renewal in a timely manner, 84 Mining's reminder was not mailed until April 11, 1997, after the 180 day renewal period began. That notice informed 84 Mining that its application for renewal was due on April 7, 1997.[3] He stated that DEP then sent 84 Mining a notice of violation on April 22, 1997, informing 84 Mining that its application for renewal was due on June 7, 1997,[4] and pursuant to that letter, 84 Mining submitted its application for renewal on June 6, 1997.

■ Concluding that the regulation providing that a mine operator submit its application for renewal 180 days prior to the expiration of its existing permit was directory rather than mandatory, that coal mining permits carried a presumption of successive renewal, and that no basis for denying the renewal of 84 Mining's permit existed, the EHB affirmed DEP's issuance of 84 Mining's renewal permit. This appeal followed.[5]

■ As before the Board, PUSH contends that DEP erred in issuing a renewal permit to 84 Mining because it failed to submit its permit 180 days prior to the expiration date of the permit as required by DEP's coal-mining regulations. 25 Pa. Code § 86.55 provides, in relevant part:

Complete applications for renewal of a permit as established in this chapter *shall* be filed with the Department at least 180 days before the expiration date of the particular permit in question. Renewal applications shall be filed in the format required by the Department.

25 Pa.Code § 86.55(c). (Emphasis added.) To hold that a provision is directory rather than mandatory does not mean that it is optional—to be ignored at will. *Department of Transportation v. Claypool*, 152 Pa.Cmwlth. 332, 618 A.2d 1231 (1992). Both mandatory and directory provisions of the legislature are meant to be followed. *Id.* It is only in the effect of non-compliance that a distinction arises. *Id.* A provision is mandatory when failure to follow it renders the proceedings to which it relates illegal and void; it is directory when the failure to follow it does not invalidate the proceedings. *Id.*

■ In determining whether the language of a statute or regulation is mandatory or directory, we must look to the intent behind the enactment of the statute or regulation. *See County of Allegheny v. Pennsylvania Public Utility Commission*, 192 Pa.Super. 100, 159 A.2d 227 (1960). In determining DEP's intent behind the promulgation of 25 Pa.Code § 86.55(c), it is helpful to look at DEP's policy in reviewing permit renewal applications. Since at least 1988, DEP has had an established policy by which it enforces the renewal application process. By letter dated October 4, 1988,[6] the Director of the Bureau of

---

3. That letter stated, in part, "[y]our mining activity permit will be expiring soon, and it is necessary that an application to renew the permit be submitted to this office since it is now past due."

4. That letter stated, in part, "[y]our mining activity permit will be expiring soon, and it is necessary that an application to renew the permit be submitted by the above renewal due date."

5. Our scope of review of a decision from the Environmental Hearing Board is whether the

Board committed an error of law, whether constitutional rights were violated, or whether the necessary findings of fact are supported by substantial evidence. *Pequea Township v. Herr*, 716 A.2d 678 (Pa.Cmwlth.1998).

6. The letter was sent to District Mining Managers, Tech Chiefs, Compliance Managers and Compliance Specialists.

Mining & Reclamation fully explained DEP's policy regarding enforcement actions for failure to submit permit renewal applications, stating:

> Several questions have been raised concerning enforcement actions to be taken where an Operator fails to submit a renewal application as required by the regulations. If an Operator fails to submit the required renewal application at least 180 days prior to the date of expiration of the permit, the following enforcement action is to be taken. This action should commence at the time the renewal application is due.
>
> 1. A Notice of Violation (NOV) should be issued to the Operator indicating that the renewal application must be received within sixty (60) days.
>
> 2. If the Operator does not comply with the NOV, a Compliance Order is to be issued giving the Operator sixty (60) days to submit the renewal application.
>
> 3. If the Operator fails to comply with the Compliance Order, a Failure to Abate Cessation Order (FTACO) is to be issued. The abatement period should be no longer than thirty (30) days.
>
> 4. If the Operator has still not complied by the end of the FTACO abatement period, a notice of intent to forfeit the bonds and an intent to suspend the permit is to be sent. All information pertaining to the forfeiture action is to be submitted to Harrisburg so that the declaration of forfeiture is completed on or shortly after the date of permit expiration. The forfeiture action constitutes the Department's claim to the bond regardless of the permit status.
>
> So long as the bond remains on a permitted site, the permit must be renewed. The only exception to this is for those sites that have a stage II bond release. If a discharge or bonds of any kind exist on the site, the NPDES permit is to be renewed at the same time as the mining permit is renewed. The attached letter may be used as the initial NOV.

This policy statement makes clear that DEP did not intend to invalidate a permit renewal application merely because an application was not submitted 180 days before the expiration date of the existing permit; no where in its policy does it suggest that a renewal application submitted after the 180 day renewal date would not be accepted by DEP. To the contrary, DEP's policy provides a series of steps which could take up to 150 days before any action against a permit is to be taken when an operator fails to submit its renewal application and during which time DEP would accept a renewal application for processing. Because it is DEP's policy that a mine operator's failure to meet the 180 day requirement set forth in 25 Pa.Code § 86.55(c) does not result in the invalidation of the permit renewal process, that section is directory.[7]

■ Even if DEP was not precluded from renewing 84 Mining's permit because the renewal application was submitted less than 180 days before the permit's stated expiration date, PUSH contends that under 25 Pa.Code § 86.55(a), DEP erred in

---

7. Without reaching the issue, even if we were to hold that Section 86.55(c) was not directory based on DEP's established policy regarding the 180 day requirement, because DEP's April 22, 1997 letter to 84 Mining provided that the date the renewal application was due was June 7, 1997, 84 Mining's renewal application may still have been timely filed. *See* Union Electric Corporation v. Board of Property Assessment, Appeals & Review of Allegheny County, 560 Pa. 481, 746 A.2d 581 (2000).

renewing the permit. 25 Pa.Code § 86.55(a) provides:

A valid, existing permit issued by the Department will carry with it the presumption of successive renewals upon expiration of the term of the permit. Successive renewals will be available only for areas which were specifically approved by the Department on the application for the existing permit.

Because 84 Mining's permit expired on October 7, 1997, PUSH argues there was no existing permit for it to renew on November 4, 1997, and the presumption of successive renewals does not apply.

Because of the presumption of successive renewal contained in 25 Pa.Code § 86.55(a), we agree with DEP's interpretation that a permit does not automatically expire; the renewal must be expressly denied and until the application is acted upon, the permit remains in effect. This is consistent with DEP's regulations under the National Pollution Discharge Elimination System (NPDES) permit program,[8] and while not specifically relating to coal mining, DEP does explicitly provide that a permittee may continue to operate under an expired permit where the entity has submitted a timely application for a new permit, and DEP is unable, through no fault of the permittee, to issue or deny a new permit before the expiration date of the previous permit. 25 Pa.Code § 92.9(b)(1) and (2). Although DEP's renewal regulations with respect to coal mining are less explicit than those under the NPDES permit program, because DEP's interpretation of its successive renewal provision is reasonable, and, as such, entitled to great deference, if DEP considers

the permit timely filed, the presumption of successive renewals may act to validate the continuation of mining operations between the expiration date of an existing permit until DEP has the opportunity to act on the renewal application.

 PUSH also argues that under 25 Pa.Code § 86.55(g), a mine operator is not entitled to renewal of its permit if any of the following exist:[9]

1. The terms and conditions of the existing permit are not being satisfactorily met.

2. The present mining activities are not in compliance with the environmental protection standards of the Department.

3. The requested renewal substantially jeopardizes the operator's continuing ability to comply with the acts, this title and the regulatory program on existing permit areas.

4. The operator has failed to provide evidence that a bond required to be in effect for the activities will continue in full force and effect for the proposed period of renewal, as well as an additional bond the Department might require.

5. Revised or updated information required by the Department has not been provided by the applicant.

6. The permittee has failed to provide evidence of having liability insurance as required by § 86.168 (relating to terms and conditions for liability insurance.)

Because 84 Mining continued to mine between October 7, 1997 and November 4, 1997 without a valid permit, PUSH contends that operating without a permit

---

8. *See* 25 Pa.Code §§ 92.1—92.94.

9. *See* 25 Pa.Code § 86.55(f). That section provides:

Unless the Department finds that the permit should not be renewed under subsection (g), it will issue a permit renewal after finding that the requirements of this chapter and that requirements of public participation and notification are satisfied.

caused environmental harm that was unlawful, and both DEP and the EHB should have denied the permit. Just because someone is operating a mine while DEP is processing its application does not mean that the permit cannot be renewed. If that were the case, DEP could exercise a "pocket denial" simply by sitting on the application. For that reason and because of the presumption of renewal, until DEP denies the renewal that it considers timely, there is no violation of this provision. Because there is no evidence to suggest that any of the reasons enumerated in 25 Pa. Code § 86.55(g) existed such that 84 Mining was not entitled to a permit renewal, the presumption of successive renewal was properly applied to 84 Mining.

Accordingly, for the foregoing reasons, the order of the Environmental Hearing Board is affirmed.

### ORDER

AND NOW, this *8th* day of *February*, 2002, it is Ordered that the opinion filed November 19, 2001, shall be designated OPINION rather than MEMORANDUM OPINION, and that it shall be reported.

### ORDER

AND NOW, this *19th* day of *November*, 2001, the order of the Environmental Hearing Board, No. 97–262–R, dated December 28, 2000, is affirmed.