**In re: SALE OF REAL ESTATE BY LACKAWANNA COUNTY TAX CLAIM BUREAU.**

**Property Situate at 250 Keyser Avenue Parcels A & B, Old Forge, PA.**

**Tax Map No. 165.02–040–011.**

**Real Owners: Robert J. Rinaldi, Sr. and Janet Rinaldi, His Wife, Appellants.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 8, 2011.

Decided May 17, 2011.

Donald G. Karpowich, Sean W. Logsdon and Kevin M. Walsh, Jr., Drums, for appellants.

Joseph J. Joyce, III, Scranton, for appellee Lackawanna County Tax Claim Bureau.

BEFORE: PELLEGRINI, Judge, and BROBSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge BROBSON.

Robert J. Rinaldi, Sr. and Janet Rinaldi, his wife, (Appellants) appeal from the July 27, 2010, order of the Court of Common Pleas of Lackawanna County (trial court), which denied Appellants' Petition to Set Aside Judicial Tax Sale of the property located at 250 South Keyser Avenue, Parcels A & B, Old Forge, Pennsylvania (Property). For the reasons stated below, we reverse.

Appellants purchased the Property in 1999 at a delinquent tax sale held by Lackawanna County. (Reproduced Record (R.R.) at 96a.) Appellants' failure to pay taxes on the Property from 1999 to 2002 led to the Property being exposed at an upset tax sale conducted by the Lackawanna County Tax Claim Bureau (Bureau) on January 29, 2002. (*Id.* at 2a.) The Property was not sold at the upset tax sale because a bid sufficient to pay the upset price was not obtained. (*Id.* at 3a.)

On January 7, 2010, the Bureau filed a petition with the trial court to expose the Property to judicial sale, requesting the trial court issue to all parties in interest a Rule to Show Cause why the Property should not be listed for judicial sale directed. (*Id.* at 2a.) On January 7, 2010, the trial court issued the Rule to Show Cause and scheduled a hearing for February 12, 2010. (*Id.* at 1a.) On February 12, 2010, the trial court found that service of the Rule to Show Cause had been made upon all parties of interest, and it ordered the Property to be sold by judicial tax sale on February 22, 2010, free and clear of all tax and municipal claims, mortgages, liens, charges, and estates. (*Id.* at 18a.) The judicial tax sale was continued to March 22, 2010, where Anthony Carmadella successfully bid on the Property with a bid price of $25,000.00. (*Id.* at 101a, 108a.) On June 2, 2010, Appellants filed a petition with the trial court to set aside the judicial tax sale of the Property, asserting lack of notice and invalid service. (*Id.* at 33a.) On June 15, 2010, the Bureau filed an answer to Appellants' petition to set aside the judicial tax sale, asserting the sale was in accordance with the Real Estate Tax Sale Law.[1] (*Id.* at 87a.) The trial court scheduled a hearing for July 27, 2010.

At the hearing, Ron Koldjeski, Director of the Bureau, testified that Appellants had not made any real estate tax payments on the Property since 1999. (*Id.* at 105a.) Mr. Koldjeski also testified that notice of the February 2010 judicial tax sale was published in the Scranton Times at least thirty (30) days prior to the judicial tax sale. (*Id.* at 106a.) Mr. Koldjeski also testified that an advertisement of the judicial sale was also published on January 27, 2010, in the Lackawanna County Jurist.

---

1. Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§ 5860.101–.803 (Tax Sale Law).

(*Id.*) Mr. Koldjeski further testified that on June 10, 2009, the Lackawanna County Board of Commissioners authorized the State Constable to effectuate personal service in tax sale proceedings.[2] (*Id.* at 107a.)

Pennsylvania State Constable Jason Genell testified that he was appointed by the Bureau to serve the rule to show cause/judicial sale petitions upon Appellants. (*Id.* at 114a.) Mr. Genell testified that he went to the addresses that were on the paper work and could not locate Appellants. (*Id.*) Mr. Genell testified he went to the Rinaldi restaurant, Appellants' ordinary place of business, and spoke with Russell Rinaldi (Rinaldi Jr.), Appellants' son/stepson, who was part-owner of the restaurant. (*Id.* at 115a.) Mr. Genell testified that he explained the tax situation regarding the Property to Rinaldi Jr., and Rinaldi Jr. accepted service on behalf of both Appellants. (*Id.* at 116a.) Mr. Genell testified that it was his understanding that Rinaldi Jr. was going to give the papers to his parents. (*Id.*)

Rinaldi Jr. testified that he accepted and signed the documents he received from Mr. Genell on behalf of his father and Janet Rinaldi and placed them on the shelf in the kitchen of the restaurant. (*Id.* at 123a.) Russell Rinaldi testified that his father, Russell J. Rinaldi, Sr. (Rinaldi Sr.), worked at the restaurant part-time. (*Id.*)

Rinaldi Sr. testified that he was manager at Cafe Rinaldi and was the owner of the Property. (*Id.* at 127a.) As to the Property, Rinaldi Sr. testified that he had sold the Property in 2004, but the people backed out. (*Id.* at 128a.) He re-mortgaged the Property in 2007, but "something at the bank was taken over and that stalled out." (*Id.*) He then got sick and was in the hospital with a major heart attack and "everything got put on hold." (*Id.*) As to service of process, Rinaldi Sr. testified that he did not specifically authorize his son, Russell, to accept legal service on his behalf. (*Id.*) Rather, he testified that his son called him and informed him that someone was trying to collect rent from him sometime in the summer of 2010. (*Id.* at 129a.) Rinaldi Sr. further testified that he became aware of the petition after the judicial tax sale had occurred. (*Id.*) He testified that because he was going through a divorce, the lawyers advised him and his wife not to pay taxes. (*Id.* at 130a.) He was not aware that the Property had been exposed to a tax sale in 2001. (*Id.* at 131 a.)

Following the hearing, the trial court issued an order denying Appellants' Petition to Set Aside Judicial Tax Sale of the Property. (*Id.* at 95a.) Thereafter, in accordance with Pa.R.A.P. 1925(a), the trial court issued an opinion in support of its decision. (*Id.* at 96a.) The trial court found that service upon Appellants was proper as it was in accordance with County Resolution 09–0147. (*Id.* at 97a.) The trial court further concluded that service was properly made upon Appellants because they had constructive knowledge of the sale and because service was made at Appellants' usual place of business and to one owner of the business. (*Id.* at 98a.) In

---

2. Lackawanna County Resolution 09–0147, adopted June 10, 2009, provides, in pertinent part:

> Be it resolved, that the Board of Commissioners of Lackawanna County does hereby appoint, in accordance with the Real Estate Tax Law Act 542 of 1947, as amended, Section 601(3), such Pennsylvania State Constables, as chosen by the Deputy Director of the Lackawanna County Tax Claim Bureau, to work in conjunction with the Lackawanna County Sheriff and his deputies to effectuate personal service on all properties and/or individuals that are subject to property tax sales as provided for in said act.

(R.R., 136a.)

addition, the trial court concluded that notice was published in the Scranton Times and Lackawanna County Jurist more than thirty (30) days before the sale occurred. (*Id.*) Appellants now appeal to this Court.

On appeal,[3] Appellants first argue that the trial court erred in denying Appellants' motion to set aside the judicial tax sale by concluding that Appellants received constructive notice of the sale when a state constable (rather than a sheriff) served judicial sale petitions and a rule to show cause upon Appellants' son/step-son at their usual place of business in violation of Section 611 of the Tax Sale Law, 72 P.S. § 5860.611.[4] Specifically, Appellants contend that because *judicial tax sales* are governed by Sections 610 through 612 of the Tax Sale Law, 72 P.S. §§ 5860.610–.612, the Commissioners cannot utilize Section 601 of the Tax Sale Law, pertaining to *upset sales,* to appoint a person to make personal service as required by Section 611 of the Tax Sale Law, pertaining to *judicial sales.* Appellants next argue that

the sale of the Property should be set aside because the petition for judicial sale was filed more than eight (8) years after the date of the scheduled upset sale in violation of Section 616 of the Tax Sale Law, 72 P.S. § 5860.616.

Section 611 of the Tax Sale Law provides:

> Service of the rule shall be made in the same manner as writs of scire facias [5] are served in this Commonwealth. When service cannot be made in the county where the rule was granted, the sheriff of the county shall deputize the sheriff of any other county in this Commonwealth, where service can be made. If service of the rule cannot be made in this Commonwealth, then the rule shall be served on the person named in the rule by the sheriff, by sending him, by registered mail, return receipt requested, postage prepaid, at least fifteen (15) days before the return day of the rule, a true and attested copy thereof, addressed to such person's last known post

**3.** Our scope of review in tax sale cases is limited to a determination of whether the trial court abused its discretion, rendered a decision which lacked supporting evidence, or clearly erred as a matter of law. *In re Serfass,* 651 A.2d 677, 678 (Pa.Cmwlth.1994). "As the finder of fact, the trial court has exclusive authority to weigh the evidence, make credibility determinations and draw reasonable inferences from the evidence presented." *Picknick v. Washington Cnty. Tax Claim Bureau,* 936 A.2d 1209, 1212 (Pa. Cmwlth.2007).

**4.** Appellants also contend that service was invalid because it was made upon Rinaldi Jr., their son/step-son, at 216 North Main Street, Old Forge, not Appellants' residence or their employer's address. We do not address this issue, however, because we conclude that service was invalid pursuant to Section 611 of the Tax Sale Law.

**5.** "Scire facias" means literally "you are to make known, show cause." Black's Law Dictionary 301 (9th Ed.2009). As explained in

18 Standard Pennsylvania Practice 2d § 102:10 (1983):

> A writ of scire facias is a mandate to the sheriff, which recites the occasion upon which it issues, which directs the sheriff to make known to the parties named in the writ that they must appear before the court on a given day, and which requires the defendant to appear and show cause why the plaintiff should not be permitted to take some step, usually to have advantage of a public record. The object of the writ of scire facias is ordinarily to ascertain the sum due on a lien of record and to give the defendant an opportunity to show cause why the plaintiff should not have execution. The writ of scire facias serves the dual purposes of a summons and a complaint, and a writ of scire facias is personal process, but the detailed requirements of a pleading are not applied to the writ of scire facias.

(Footnotes omitted.)

office address. The sheriff shall attach to his return, the return receipts, and if the person named in the rule has refused to accept the registered mail or cannot be found at his last known address, shall attach evidence thereof. This shall constitute sufficient service under this act.

The primary purpose of service is to give adequate notice of the pendency of an action. *In re Nomination of Blount*, 898 A.2d 1181, 1184 (Pa.Cmwlth.), *affirmed*, 586 Pa. 510, 895 A.2d 545 (2006). Proper service is a prerequisite to a court acquiring personal jurisdiction over a defendant. *Fraisar v. Gillis*, 892 A.2d 74, 77 (Pa.Cmwlth.2006).

Here, service was performed by Mr. Genell, a state constable, appointed by the Bureau to serve Appellants. (R.R. at 107a.) The Bureau appointed Mr. Genell to serve Appellants pursuant to County Resolution 09–0147, Enhancing Tax Sale Personal Services, in accordance with Section 601(a)(3) of the Tax Sale Law, 72 P.S. § 5860.601(a)(3). (*Id.*) Section 601(a)(3) of the Tax Sale Law, relating to date of sale (in the context of upset sales), provides, in pertinent part:

> No owner-occupied property may be sold unless the bureau has given the owner written notice of such sale at least ten days (10) prior to the date of sale by personal service by the sheriff or his deputy or person deputized by the sheriff for this purpose unless the county commissioners, by resolution, appoint a person or persons to make all personal services required by this clause.

Upon review of the record, we conclude that the sale of the Property was a judicial sale controlled by Section 611 of the Tax Sale Law. Therefore, because the Bureau used Mr. Genell, a state constable, to serve Appellants, service was invalid under Section 611 of the Tax Sale Law, which requires service of the rule by a sheriff. The Bureau could properly use a state constable to provide service of the petition for an upset sale pursuant to Section 601(a)(3) of the Tax Sale Law (not judicial sale), because the pertinent language of Section 601(a)(3) allows the Board of County Commissioners to appoint a person in lieu of the sheriff to provide personal service for upset sales and does not conflict with the language contained in County Resolution 09–0147, which provides for personal service by a Pennsylvania State Constable. Section 601(a)(3) of the Tax Sale Law, however, is simply inapplicable to service relating to judicial sales under Section 611 of the Tax Sale Law. Therefore, the trial court erred in denying Appellants' motion to set aside the judicial tax sale because service was invalidly provided by a State constable.

We will also address Appellants' argument that the sale of the Property should be set aside because the petition for judicial sale was filed more than eight (8) years after the date of the scheduled upset sale in violation of Section 616 of the Tax Sale Law. Section 616 of the Tax Sale Law, relating to mandatory judicial sales, provides in pertinent part:

> If within the period of ten (10) months after the date of the scheduled upset sale, the bureau has not filed a petition for a judicial sale under section 610 or the property has not been sold at private sale, the bureau shall, within the next immediately following two (2) months, file a petition for judicial sale of the property in the manner set forth in section 610.

Whether the Bureau's failure to petition for judicial sale of the Property within one year of the unsuccessful upset sale invalidates the proceeding is dependent upon whether the provisions of Section 616

of the Tax Sale Law are mandatory or directory. *See Fishkin v. Hi–Acres, Inc.,* 462 Pa. 309, 317 n. 5, 341 A.2d 95, 99 n. 5 (1975) (stating that distinction between mandatory and directory statutory provision lies in effect of noncompliance upon transaction or proceeding involved). In *West Penn Power Company v. Pennsylvania Public Utility Commission,* 104 Pa. Cmwlth. 21, 521 A.2d 75, 78 (1987), we explained mandatory or directory statutory provisions, as follows:

> Whether a statute is mandatory or directory must be determined by considering legislative intent gleaned from review of the entire statute and from considering the nature and object of the statute and the consequences of the construction of it one way or the other. *Pennsylvania Railroad Company v. Board of Revision of Taxes,* 372 Pa. 468, 93 A.2d 679 (1953). If the thing directed to be done is the essence of the thing required, the statute is mandatory. *Id.* If, however, the statute merely directs that certain proceedings be done in a certain manner or at a certain time, it is directory. *Prichard v. Willistown Township School District,* 394 Pa. 489, 147 A.2d 380 (1959). Failure to follow a mandatory statute renders the proceedings void, whereas failure to follow a directory statute does not. *Nomination Papers of American Labor Party,* 352 Pa. 576, 44 A.2d 48 (1945).

Thus, although failure to conform to a mandatory statutory provision renders the proceeding void, "[s]trict compliance with a directory provision ... is not essential to the validity of the transaction or proceeding involved." *Fishkin,* 462 Pa. at 317 n. 5, 341 A.2d at 99 n. 5. "To hold that a provision is directory rather than mandatory, does not mean that it is optional—to be ignored at will. Both mandatory and directory provisions of the legislature are meant to be followed. It is only in the *effect* of non-compliance that a distinction arises." *Dep't of Transp., Bureau of Driver Licensing v. Claypool,* 152 Pa.Cmwlth. 332, 618 A.2d 1231, 1232 (1992).

To paraphrase, Section 616 of the Tax Sale Law essentially provides that the Bureau "shall" file a petition for judicial sale within one year of an unsuccessful upset tax sale. "The word 'shall' ... can be interpreted as mandatory or merely directory." *Francis v. Corleto,* 418 Pa. 417, 428, 211 A.2d 503, 509 (1965). A court must "look to the intention and purpose of the statute in determining whether the word *shall* is to be given a permissive or imperative meaning." *Division 85, Amalgamated Transit Union v. Port Auth. of Allegheny Cnty.,* 417 Pa. 299, 302, 208 A.2d 271, 272 (1965) (emphasis in original). Generally, "[t]he provisions of a statute requiring public officers to act within a specified time are ... directory, unless time is of the essence of the thing to be done, or the statute indicates that the provision is to be regarded as mandatory." *Cmwlth. ex rel. Fortney v. Wozney,* 326 Pa. 494, 192 A. 648, 649 (1937); *see also Claypool,* 618 A.2d at 1232–33 (holding that statutory provision requiring clerk of court to certify convictions to Department within ten days is directory and not mandatory).

We begin by observing that Section 616 of the Tax Sale Law relates to matters of "timing." Also, Section 616 contains no provision barring judicial sale more than one year after an unsuccessful upset sale, and we have found no case law addressing whether Section 616 prohibits the judicial sale of a property after more than one year has passed from the date of the unsuccessful upset sale. Also, although Section 616 of the Tax Sale Law directs that a judicial sale "shall" be conducted within a year of the upset sale, Section 616 does not

provide a specific consequence for failure to conduct a judicial sale within that time period. Those factors argue in favor of Section 616 being directory in nature, as opposed to mandatory, so we next look to the intent or purpose of the Tax Sale Law for further guidance.

■■■■ "The purpose of the . . . Tax Sale Law is to ensure the collection of taxes, not to deprive citizens of their property," and, for that reason, courts have strictly construed the provisions of the Tax Sale Law as they relate notice.[6] *Aldhelm, Inc. v. Schuylkill Cnty. Tax Claim Bureau,* 879 A.2d 400, 403 (Pa.Cmwlth.2005); *Stanford–Gale v. Tax Claim Bureau of Susquehanna Cnty.,* 816 A.2d 1214, 1216 (Pa.Cmwlth.2003). Section 616 of the Tax Sale Law, however, pertains to the timing for filing a petition for judicial tax sale so that the collection of taxes may be effectuated, and it does not in any way implicate provisions regarding notice to be afforded a property owner. Interpretation of the provisions of Section 616 as directory, rather than mandatory, therefore, would not run afoul of the intention or purpose of the Tax Sale Law.

For the above reasons, we conclude that Section 616 of the Real Estate Tax Sale Law is directory, not mandatory. As such, failure to strictly comply with the time provisions did not render the judicial sale of the Property void or a nullity. It appears that Section 616 of the Tax Sale Law was enacted to impose a mandatory judicial sale, which could be enforced by the interested party through a writ of mandamus to compel the Bureau to act pursuant to Section 616. The sale of the Property, therefore, should not be set aside pursuant to Section 616 of the Tax Sale Law because Section 616 does not prohibit the judicial sale of a property after more than one year has passed from the date of the scheduled upset sale, and it would be improper for this Court to "create" such a consequence where none has been provided.[7]

■■■ Finally, the Bureau argues that because Appellants had implied actual notice of the judicial tax sale, strict compliance with the provision of the Tax Sale

---

6. The "failure by a tax claim bureau to comply with all the statutory notice requirements ordinarily nullifies a sale," although this Court has on occasion "waived strict compliance with the statutory requirements where it has been demonstrated that the record owner has received actual notice of the impending sale." *Aldhelm,* 879 A.2d at 403 (citing *Sabbeth v. Tax Claim Bureau of Fulton County,* 714 A.2d 514, 517 (Pa.Cmwlth.1998)).

7. We note that this Court has held that a tax claim bureau has the ability to remove a property from a scheduled judicial tax sale when to do so will advance the collection of delinquent taxes. *In re Public Sale of Properties,* 841 A.2d 619, 622–23 (Pa.Cmwlth.), appeal denied, sub nom. *In re Public Sale of Properties Pursuant to Section 610 and Section 903(B) of the Real Estate Tax Sale Law,* 578 Pa. 703, 852 A.2d 314 (2004). In *In re Public Sale of Properties,* the appellant argued that once a judicial sale has been ordered, it cannot be stopped except by court order, noting that upset sales may be stayed only by application to the court. Section 601(c) of the Tax Sale Law. We disagreed, ourselves noting that the statute is silent on the stay of judicial sales and that Section 208 of the Tax Sale Law, 72 P.S. § 5860.208, gives a tax claim bureau broad authority for "the management and disposition of property in accordance with the provisions of this act" in meeting its obligation to collect taxes. We reasoned that "management and disposition" logically includes the ability to remove a property from a scheduled judicial tax sale when to do so will advance the collection of delinquent taxes. Our decision in *In re Public Sale of Properties* presumes some discretionary authority on the part of tax claim bureaus, which would be consistent with our conclusion in this case that the requirements of Section 616 of the Tax Sale Law are not mandatory, but rather are directory.

Law is not required. If we allowed the Bureau to cure its invalid service by proving that Appellants had actual implied notice, it would render meaningless the express statutory requirement of service by sheriff. Section 1922 of the Statutory Construction Act, 1 Pa.C.S. § 1922, "prohibits courts from interpreting statutes in a way that makes words used in statutes meaningless or mere surplusage." *Primiano v. City of Philadelphia,* 739 A.2d 1172 (Pa.Cmwlth.1999). Therefore, because we conclude that service was invalid, we will not consider whether there was actual notice provided to Appellants.

Accordingly, we reverse the trial court.

### ORDER

AND NOW, this 17th day of May, 2011, the order of the Court of Common Pleas of Lackawanna County, dated July 27, 2010, is hereby REVERSED.

CONCURRING OPINION BY Judge PELLEGRINI.

I agree with the majority that the Court of Common Pleas of Lackawanna County's order should be reversed because service was improperly made by a constable rather than a sheriff. However, I disagree with the majority's conclusion in *dicta* that Section 616 of the Real Estate Tax Sale Law [1] is directory rather than mandatory.

> Section 616 provides, in pertinent part:
> If within a period of ten (10) months after the date of the scheduled upset sale, the bureau has not filed a petition for a judicial sale under section 610 or the property has not been sold at private sale, the bureau *shall,* within the next immediately following two (2) months, file a petition for judicial sale of the property in the manner set forth in section 610.

(Emphasis added). While it is true that the word "shall" may, in certain contexts, be interpreted as directory, by doing so here, the majority renders Section 616 meaningless because it allows a judicial sale to occur at any time, in this case, more than eight years after the upset sale. Rather, I would hold that Section 616 provides that if a petition for judicial sale does not occur within one year of the scheduled upset sale, the process starts over and a new upset sale must be scheduled before the judicial sale process can begin.

---

1. Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. § 5860.616.