J-S46037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :     IN THE SUPERIOR COURT OF
                                        :              PENNSYLVANIA

           Appellee           :
                                          :

                v.                  :
                                          :

EDWARD LUCKETT,                 :
                                        :

           Appellant          :             No. 225 MDA 2014

Appeal from the PCRA Order entered on January 16, 2014
in the Court of Common Pleas of Lackawanna County,
Criminal Division, No. CP-35-CR-0001573-1995

BEFORE: SHOGAN, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:            **FILED AUGUST 20, 2014**

Edward Luckett ("Luckett"), *pro se*, appeals from the Order denying his fourth Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

In November 1998, a jury convicted Luckett of one count each of first-degree murder, robbery and burglary, and three counts of criminal conspiracy.[2] On January 22, 1999, the trial court sentenced Luckett to life in prison. This Court affirmed Luckett's judgment of sentence, after which the Pennsylvania Supreme Court denied allowance of appeal. ***Commonwealth v. Luckett***, 768 A.2d 885 (Pa. Super. 2000), ***appeal denied***, 792 A.2d

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] ***See*** 18 Pa.C.S.A. §§ 2502, 3701, 3502, 903.

1255 (Pa. 2001). Since that time, Luckett has filed several PCRA Petitions, all of which were denied by the PCRA court.

Luckett filed the instant *pro se* PCRA Petition, his fourth, on August 16, 2013. After proper Notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Luckett's Petition without a hearing. Thereafter, Luckett filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of Matters Complained of on Appeal.

Luckett presents the following claims for our review:

A. Whether [the] PCRA court failed to apply correct or any standard of proof as to "why Luckett could not have: 1) learned of [the prosecutor's] child adoption violation before April 20, 2013; and 2) ascertain A.J. Garrin's status as a sexual predator before July 17, 2012[?]

B. [Whether] the PCRA court erred in holding that 1) [Luckett] does not explain how this allege[d] interference affected his claim[;] and 2) whether his third [PCRA P]etition was filed on March 30, 2011, or July 11, 2011, it was still untimely by many years[?]

C. Whether [the] PCRA court applied [an] incorrect "merit analysis" standard similar to § 9543(a)(2)(iv) instead of § 9545(b)(1)(i) ("interference by government officials with presentation of claim in violation of the Constitution, or laws of this Commonwealth, or the Constitution of the U.S.")[?]

Brief for Appellant at 4.

An appellate court's standard of review regarding an order denying a PCRA petition is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Kretchmar***, 971 A.2d 1249, 1251 (Pa. Super. 2009). The PCRA court's

findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Treadwell**, 911 A.2d 987, 989 (Pa. Super. 2006).

Before addressing Luckett's claims, we must first address whether Luckett has satisfied the timeliness requirements of the PCRA. "The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014). A petitioner seeking relief under the PCRA must file his or her petition within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Luckett filed the instant PCRA Petition more than ten years after his judgment of sentence became final. Therefore, Luckett's Petition is facially untimely. The PCRA provides, however, that an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under

section 9545(b)(2). *Lawson*, 90 A.3d at 5 (citation omitted); *see also* 42 Pa.C.S.A. § 9545(b)(2).

In its Pa.R.Crim.P. 907 Notice, the PCRA court determined that Luckett failed to plead and prove any exception to the PCRA court's timeliness requirements. PCRA Court Rule 907 Notice, 12/6/13, at 3-5. For the reasons stated in the PCRA court's Notice, we agree, and affirm the Order of the PCRA court on that basis. *See id.*

Application denied;[3] Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/2014

---

[3] Luckett filed with this Court a *pro se* Application for Relief. Luckett's Application argued that the Commonwealth misrepresented certain material facts. However, upon our review of the record, we conclude that the Application does not affect our conclusion that the PCRA court properly denied Luckett's instant PCRA Petition as untimely filed. Accordingly, we deny the Application.

- 4 -