James **HARTNER** and Cecylia Hartner

v.

The **ZONING HEARING BOARD OF UPPER ST. CLAIR TOWNSHIP** and Township of Upper St. Clair

**Township of Upper St. Clair, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 2003.

Decided Jan. 16, 2004.

John T. Vogel, Pittsburgh, for Appellant.

Michael A. Cohen, Pittsburgh, for Appellee.

BEFORE: PELLEGRINI, Judge, COHN, Judge and JIULIANTE, Senior Judge.

OPINION BY Judge COHN.

The Township of Upper St. Clair (Township) appeals from an order of the Court of Common Pleas of Allegheny County that reversed a decision of the Zoning Hearing Board of Upper St. Clair (ZHB) upholding a Zoning Officer's Enforcement Notice issued against James and Cecylia Hartner. The Township Zoning Officer issued the notice against them for allegedly engaging in the unauthorized repair and restoration of vehicles in an R–1 Single–Family Residential Living District, when such use is prohibited as a "home occupation" in an R–1 District. On appeal, we are asked to decide, *inter alia,* when a township zoning officer merely recites the procedural posture of a case and sets forth the township's position, whether the township has met its burden of "presenting its evidence first" in accordance with Section 616.1(d) of the Pennsylvania Municipalities Planning Code, (MPC) Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10616.1(d).[1]

The record reveals that the Township held a hearing on the Hartners' Enforcement Notice Appeal. At that hearing, the following introduction was given:

ZHB Chair: Let me explain for those of you who have never been before the Zoning Hearing Board what the process is. The Township will go through and explain what this [enforcement notice] is all about and the Township's position, and we will give the Respondent a chance to enter whatever evidence the Respondent wishes to enter.... That's the order in which we will do things.

(N.T. 5). Next, the Township Zoning Officer set forth the procedural history of the case and stated the applicable zoning regulations. He also stated the Township's position. No witnesses were called at that juncture to testify, and no substantive evidence was admitted into the record to prove that the Hartners had committed the charged violation. After the Zoning Officer's presentation, the following exchange took place at the hearing:

**Counsel for Township:** I think they have the burden of going forward.

**Counsel for Hartners:** I don't believe that's the case. I believe the Township has to put on evidence that there has been a violation of the Code. I think that's what the MPC requires.

**ZHB Chair:** Township, what would you like to cite as to their having the burden?

**Counsel for Township:** Well, I think what we have got here is they are appealing the determination by the Zoning Administrator. I think they have the burden of going forward to establish the basis for their appeal ... The Zoning Officer has already read the Township's position. I think that establishes a prima facie case, and on the basis I submit

---

1. This Section was added by Section 60 of the Act of December 21, 1988, P.L. 1329.

the [Hartners] now ha[ve] the burden of going forward.

**ZHB Chair:** For the purposes of this record, *I'm going to hold that the Township has made a prima facie case* that can be rebutted.

(N.T. 13–15) (emphasis added). Thereafter, in order to rebut the allegations, the Hartners were, in essence, required to call the Township Manager, a police officer, the Zoning Officer and an individual who stated he had used the Hartners' facilities to repair his vehicle. Thus, they were essentially forced first to establish a case against themselves so they could then disprove it. Then Mr. Hartner testified on his own behalf. Next, four members of the audience were permitted to speak in an unstructured fashion. They were not called as Township witnesses. After this proceeding, the ZHB upheld the Zoning Officer's Enforcement Notice. The Hartners appealed and the Township intervened.[2]

 The trial judge issued an order reversing the ZHB, finding that it had committed an error of law because it had violated Section 616.1(d) of the MPC. That provision states, "[i]n any appeal of an enforcement notice to the zoning hearing board, the municipality shall have the responsibility of presenting its evidence first." The Township now appeals to this Court, and asserts, *inter alia*, that there was no error before the ZHB as to the order of presentation of the evidence.

 We cannot agree. A municipality cannot meet its burden in an enforcement proceeding merely by setting forth the relevant procedural history and establishing the content of the relevant zoning provisions without presenting any evidence that those provisions were violated by the named individuals or entities. Whether the Hartners violated the zoning provisions as charged is *the issue* in the case. Because the Township did not present evidence of the violation, the ZHB essentially shifted the burden to the Hartners to testify first. The result was that they had to disprove the case against them before the Township had established the case at all. This was clearly error and the trial court was correct in so holding. Thus, we affirm common pleas to the extent it reversed the ZHB. The remedy, however, as correctly asserted by the Township, is a remand for a new hearing, which common pleas did not order. *See e.g., Borough of Glenfield v. C. & E. Motors, Inc.,* 22 Pa.Cmwlth. 115, 347 A.2d 732 (1975) (remand ordered in variance case because, *inter alia*, the zoning hearing board bore responsibility for "improper informality" of hearing). Therefore, we will direct the court to order a remand.[3,4]

### ORDER

NOW, January 16, 2004, the order of the Court of Common Pleas of Allegheny

---

2. Our scope of review where, as here, the trial court takes no additional evidence, is limited to determining whether the ZHB committed an error of law, abused its discretion or made findings not supported by substantial evidence. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983). Substantial evidence is relevant evidence such that a reasonable mind might accept it as adequate to support a conclusion. *Id.*

3. Although the Township did not prevail entirely in the matter, we decline to grant the Hartners' request for sanctions because this issue appears to be one of first impression and because it was correct that a remand was warranted. Therefore, we decline to award attorneys fees for a frivolous appeal under Pa. R.A.P. 2744, as the Hartners request.

4. Because of our disposition of this matter, we need not reach the question of whether the ZHB had substantial evidence to support its decision.

County in the above captioned matter is hereby affirmed. This matter is remanded to the trial court with directions that it remand to the Zoning Hearing Board of Upper St. Clair to conduct a new hearing on the Hartners' appeal of the Zoning Enforcement Notice.

Jurisdiction relinquished.