IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Granny N Pops, LLC,                          :
              Appellant         :
                              :
          v.                                  :    No.  287 C.D. 2020
                              :    Submitted:  March 19, 2021
East Lampeter Township                       :
Zoning Hearing Board and                     :
East Lampeter Township                       :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON              FILED:  July 16, 2021


        Granny N Pops, LLC (Appellant) appeals a February 4, 2020 Order of the Court of Common Pleas of Lancaster County (trial court) affirming the decision of the East Lampeter Township Zoning Hearing Board (ZHB)[1] upholding an Enforcement Notice issued by an East Lampeter Township Zoning Officer against Appellant.  The Enforcement Notice cited Appellant for constructing two apartment units in an accessory building on Appellant's property without zoning approval. Before this Court, Appellant asserts that the trial court erred in upholding the Enforcement Notice because, in Appellant's view, the ZHB failed to present any substantial or credible evidence to establish that a zoning violation, as outlined in

---

[1] The ZHB, an Appellee in this case, did not file a brief with the Court.  However, East Lampeter Township (the Township), also an Appellee, filed a brief.

the Enforcement Notice, had occurred. Upon consideration, we affirm the Order of the trial court.

## I. Background

Appellant has owned 2929 Lincoln Highway East in East Lampeter Township (Subject Property) since December 21, 2016. Reproduced Record (R.R.) at 14a. The Subject Property is located in the Village Commercial (VC) Zoning District.[2] *Id.* In 1993, a previous owner of the Subject Property was granted "a special exception under . . . the [] Ordinance" to convert the Subject Property's primary structure from a single-family dwelling into a two-unit dwelling. R.R. at 8a. No additional zoning permits were issued nor were any building permits issued for additional dwelling units in any accessory buildings on the Subject Property at that time. R.R. at 17a-18a.

On or about May 14, 2018, the Township Zoning Officer issued and served an Enforcement Notice on Appellant, stating: "[two] apartment units have been constructed in an accessory building without zoning approval at [the Subject Property] in a VC [Z]oning [D]istrict. These [two] new apartments placed in an accessory building are an illegal use and must be eliminated." R.R. at 11a. Further, "[t]hese added apartments are a violation of the [Ordinance] A[rticle] 23, S[ection]

---

[2] Per Section 19010 of the East Lampeter Township, Lancaster County, Pennsylvania, Zoning Ordinance of 2016 (May 16, 2016) (the Ordinance), the purpose of the VC Zoning District is:

A. To accommodate and to support the continued viability of the traditional villages as minor commercial centers within East Lampeter Township.
B. To provide for the expansion of commercial uses within village areas in a manner that is consistent with the current physical pattern of structures, roads, and uses.
C. To enable the development of new, small-scale commercial operations within the context of the existing community.
D. To maintain and implement growth boundary policies, which have been established as part of the Comprehensive Plan.

23070[(C)(1)(b),] which reads as follows: 'No more than [one] apartment unit shall be permitted on a lot with a single-family use.'" *Id.*

On June 6, 2018, Appellant filed an appeal of the Enforcement Notice to the ZHB. At the same time, Appellant also filed a request for a special exception, and, in the alternative, a request for variance. Township's Br. at App. A.[3] Appellant requested a special exception under Section 19020(C)(6) of the Ordinance,[4] seeking a "multi-family use containing [four] residential units in two structures." *Id.* Appellant further wrote: "The use has existed for several decades and is consistent with the development within the zoning district generally and neighboring community, specifically." *Id.* In requesting a variance, Appellant explained:

> In the alternative and in conjunction with request for the variance by estoppel and special exception, the applicant requests a variance to permit a multi-family use of four units within two structures, each containing two units. Further, the applicant requests variances to area, bulk and dimensions restrictions to permit the multi-family use within

---

[3] As indicated by the Township in its brief, Appellant did not include a copy of its June 6, 2018 Appeal and Application(s) in the Reproduced Record filed with this Court. Township's Br. at 2.

[4] Section 19020(C)(6) of the Ordinance reads:

C. Uses permitted by special exception, pursuant to the provisions specified under Section 25070 of this Zoning Ordinance.

∗∗∗

6. Multi-family dwellings, subject to the provisions specified under Section 23490 of this Zoning Ordinance.

the two existing structures[.] *See* [Ordinance] §§19030[(A) and (B)][5] and 23490(C)(3), (D) and (E).[6]

*Id.*

On July 12, 2018, the ZHB conducted a public hearing on the narrow issue of Appellant's appeal of the issuance of the Enforcement Notice. The ZHB subsequently issued a decision, dated August 9, 2018, upholding the validity of the Enforcement Notice and dismissing Appellant's appeal. Appellant appealed the decision to the trial court, and in an Order and opinion dated February 4, 2020, the trial court affirmed the decision of the ZHB. Appellant now appeals to this Court.[7]

## II. Discussion

On appeal, Appellant argues that the ZHB abused its discretion and committed an error of law by affirming the validity of the Enforcement Notice. Appellant further asserts that the Township failed to sustain its burden of proof and did not present credible evidence that a violation occurred. The Township counters that the ZHB did not err in affirming the Enforcement Notice because the Township met its burden of proof by offering the credible testimony of David Sinopoli, Assistant Zoning Officer for the Township, relating to the violations alleged in the

---

[5] Section 19030(A) & (B) of the Ordinance discusses the lot size requirements and the lot width, building setback, and dimensional requirements for a principal use in the VC Zoning District.

[6] Section 23490(C)(3), (D) & (E) of the Ordinance discusses: permitted uses; development area, density, and utility requirements; and lot width, setback, coverage, and height requirements for multi-unit family dwellings.

[7] Where a trial court accepts no additional evidence, as here, "our review is limited to considering whether the zoning hearing board erred as a matter of law or abused its discretion." *S. of S. St. Neighborhood Ass'n v. Phila. Zoning Bd. of Adjustment*, 54 A.3d 115, 119 n.1 (Pa. Cmwlth. 2012). "An abuse of discretion occurs when the findings of the [zoning hearing board] are not supported by substantial evidence." *MarkWest Liberty Midstream & Res., LLC v. Cecil Twp. Zoning Hearing Bd.*, 102 A.3d 549, 553 n.6 (Pa. Cmwlth. 2014).

Enforcement Notice, as well as statements made by Appellant in its request for a special exception, and in the alternative, a variance (Application), admitting the existence of the violations at issue.

Appellant asserts that Mr. Sinopoli's testimony did not constitute substantial evidence to meet the Township's burden because he did not perform any investigation other than a "drive-by" of the Subject Property while operating a motor vehicle. *See* Trial Ct. Op., 02/04/2020, at 4 (quoting ZHB Decision, 08/09/2018, at Conclusions of Law (C.L.) No. 4). Although Mr. Sinopoli testified that the accessory garage structure was at least 150 feet off the road and located behind the principal structure that contained two residential units, in Appellant's view, Mr. Sinopoli's investigative methods were insufficient to draw a conclusion about the interior use of the Subject Property's accessory structure. R.R. at 26a.

Appellant further alleges that "[t]he Township did not present any evidence from a witness having personal knowledge of the state of the interior to the building in the rear of the [Subject Property]." Appellant's Br. at 14. However, the Township cites the trial court's opinion, quoting select Findings of Fact from the ZHB's decision:

> 18. [The Assistant Zoning Officer] investigated the complaint, which investigation included a drive-by inspection of the [Subject] Property.
>
> 19. During the inspection of the [Subject] Property, [the Assistant Zoning Officer] observed that the accessory building had been improved with siding and windows. [The Assistant Zoning Officer] further observed that there were car[s] parked out front of the accessory building. [The Assistant Zoning Officer] testified that "[i]t definitely was not a garage for storage. It was living space." [Notes of Testimony (N.T.) 10].
>
> 20. In addition to the drive-by inspection, [the Assistant Zoning Officer] personally spoke with the resident of the [Subject] Property

who made the original complaint and confirmed in that conversation that two (2) dwelling units existed in the accessory building. (N.T. 15-16).

Trial Ct. Op., 02/04/2020, at 4 (quoting ZHB Decision, 08/09/2018, at Findings of Fact (F.F.) Nos. 18-20). Further, in its opinion, the trial court included a summary of Mr. Sinopoli's investigation as described by the ZHB in its Conclusions of Law:

> 4. [The Assistant Zoning Officer]'s testimony that the Township received a complaint by a resident of the [Subject] Property, that he spoke with the resident who identified the existence of the two (2) dwelling units in the accessory building, that he performed a drive-by inspection of the [Subject] Property and observed that the accessory building had been improved with siding and windows and that there were cars parked out front of the accessory building, taken together represent substantial credible evidence to support the Enforcement Notice. And, although not necessary to support this conclusion, [] Appellant admitted to the violation by stating in its application that the use has existed for several decades.

Trial Ct. Op., 02/04/2020, at 4 (quoting ZHB Decision, 08/09/2018, at C.L. No. 4). Thus, these statements contradict Appellant's assertion that the Township did not seek witness testimony, as they instead demonstrate that Mr. Sinopoli spoke to the resident who filed the complaint with the Township.[8]

"A municipality cannot meet its burden in an enforcement proceeding merely by setting forth the relevant procedural history and establishing the content of the relevant zoning provisions without presenting any evidence that those provisions were violated by the named individuals or entities." *Hartner v. Zoning*

---

[8] Appellant also takes issue with the fact that the Township has not disclosed the identity of the complainant, who, while still anonymous, was revealed to be "a resident of the [Subject Property]" by Mr. Sinopoli during his testimony before the ZHB. R.R. at 24a. As discussed by both the ZHB and the trial court, Mr. Sinopoli conducted an investigation beyond mere reliance on the account of the anonymous complainant. Therefore, anonymity alone does not discredit Mr. Sinopoli's investigation.

*Hearing Bd. of Upper St. Clair Twp.*, 840 A.2d 1068, 1070 (Pa. Cmwlth. 2004). Relatedly, an abuse of discretion on the part of the ZHB may be found only if the ZHB's findings are not supported by substantial evidence. *Valley View Civic Ass'n v. Zoning Hearing Bd. of Adjustment*, 462 A.2d 637, 639 (Pa. 1983). In consideration of these principles, the trial court opined: "Mindful that this court should not and cannot substitute its own judgment for that of the [ZHB], this court cannot say that the unrebutted, uncontroverted testimony of the Assistant Zoning Officer was so woefully deficient as to render the [ZHB]'s decision an abuse of discretion." Trial Ct. Op., 02/04/2020, at 5.

Before this Court, the Township also asserts that the trial court did not err in affirming the ZHB's Order and decision that upheld the Enforcement Notice because even absent the evidence gathered by Mr. Sinopoli through his investigation, the ZHB and the Township still possessed evidence of an ongoing violation at the Subject Property through Appellant's own Application. In support of its request for a special exception, Appellant stated, "[t]he use has existed for several decades." F.F. No. 15. Appellant admitted the existence of the use, in violation of the applicable zoning law, and thus confirmed the existence of the violation detailed in the Enforcement Notice.

The trial court also considered this disclosure in its opinion, stating:

> Appellant in its brief tries to distance itself from these admissions, noting at one point they are in an unverified document, unsigned by Appellant and submitted on its behalf by counsel. This argument is disingenuous when the document in question is the same one relied upon to timely challenge the Enforcement Notice.
> . . . .
>
> The document speaks for itself and the [ZHB] was within its bounds to consider the Application and the logical inferences that flow from the statements contained therein when considering all of the evidence

7

presented and how that evidence may have supported the credibility of the Assistant Zoning Officer.

Trial Ct. Op., 02/04/2020, at 5-6.

A zoning hearing board abuses its discretion if its findings are not supported by substantial evidence. *Rittenhouse Row v. Aspite*, 917 A.2d 880 (Pa. Cmwlth. 2006). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Catholic Soc. Servs. Hous. Corp. v. Zoning Hearing Bd. of Edwardsville Borough*, 18 A.3d 404, 407 n.2 (Pa. Cmwlth. 2011). In the instant case, the ZHB affirmed the issuance of the Enforcement Notice based on the substantial evidence provided by both Mr. Sinopoli's investigation and by Appellant itself. Thus, the trial court did not err by affirming the decision of the ZHB.

### III. Conclusion

Discerning no error below, we affirm the Order of the trial court.

_____
J. ANDREW CROMPTON, Judge

Judge McCullough concurs in the result only.

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Granny N Pops, LLC,                              :
                          Appellant              :
                                                 :
              v.                                 :    No.  287 C.D. 2020
                                                 :
East Lampeter Township                           :
Zoning Hearing Board and                         :
East Lampeter Township                           :

# **O R D E R**

AND NOW, this 16th day of July 2021, we **AFFIRM** the February 4, 2020 Order of the Court of Common Pleas of Lancaster County.

_____
J. ANDREW CROMPTON, Judge