# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

St. Elmo Development, LLC      :
                                    :
                  v.                :
                                      :

Zoning Hearing Board of the City of   :
Allentown                     :
                                    :
                  v.              :
                                    :

City of Allentown             :
                                    :   No. 48 C.D. 2023
Appeal of: St. Elmo Development, LLC  :   Submitted: May 7, 2024

BEFORE:   HONORABLE ANNE E. COVEY, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE MATTHEW S. WOLF, Judge

OPINION BY
JUDGE COVEY                              FILED:  July 2, 2024

St. Elmo Development, LLC (St. Elmo) appeals from the Lehigh County Common Pleas Court's (trial court) December 27, 2022 order affirming in part and remanding in part the June 24, 2022 decision of the City of Allentown's (City) Zoning Hearing Board (ZHB). St. Elmo presents two issues for this Court's review: (1) whether the ZHB abused its discretion and erred as a matter of law by denying St. Elmo's appeal from the Notice of Violation (Notice of Violation) where the City failed to meet its initial burden to present evidence as required by Section 616.1(d) of the Pennsylvania Municipalities Planning Code (MPC);[1] and (2) whether the ZHB erred by denying St. Elmo's appeal from the Notice of Violation where the

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, added by Section 60 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10616.1(d). Section 616.1(d) of the MPC states: "In any appeal of an enforcement notice to the [ZHB], the municipality shall have the responsibility of presenting its evidence first." 53 P.S. § 10616.1(d).

City introduced no evidence upon which the ZHB could conclude that violations therein had been proved. After review, this Court reverses and remands.

On October 3, 2012, the ZHB granted St. Elmo use variances pursuant to the City's Zoning Ordinance[2] (Zoning Ordinance) for its corner property at 301 South St. Elmo Street, and 1834-1940 West Fairview Street, Allentown, Pennsylvania (Property), located in the City's Parks Zoning District,[3] subject to numerous conditions (Conditions), which included, in relevant part:

> 1. The hours of operation of the facility shall be from 6:00 a.m. to 9:00 p.m. seven days a week [(Condition 1)].
>
> . . . .
>
> 3. There shall be no outside storage of anything. All storage must be within the buildings existing or proposed to be constructed [(Condition 3)].
>
> . . . .
>
> 6. The use of the site shall be limited to customers storing items of a residential and commercial nature. Industrial storage is prohibited [(Condition 6)].
>
> . . . .
>
> 12. No use other than the use granted by this [o]rder shall be conducted on this [P]roperty [(Condition 12)].

Reproduced Record (R.R.) at 100a-101a.

On January 12, 2022, zoning inspectors from the City's Bureau of Planning & Zoning (Zoning Bureau) inspected the Property and issued the Notice of Violation alleging that St. Elmo was violating Conditions 1, 3, 6, and 12. The Notice of Violation declared that St. Elmo violated Condition 1 because access to the

---

[2] Allentown City Zoning Ordinance. The City adopted the Ordinance on November 3, 2010, and it went into effect on November 15, 2010.

[3] According to Section 660-31(R) of the City's Zoning Ordinance, "[t]he purpose of [the Parks Zoning D]istrict is to primarily recognize public recreation land, cemeteries[,] and public/semipublic open spaces." Zoning Ord. § 660-31(R).

Property is "not being denied after 9:00 p.m." R.R. at 1a. With respect to Condition 3, the Notice of Violation stated that "[t]here is outdoor storage of trailers, tires, appliances, and pallets at the [P]roperty." *Id.* Regarding Condition 6, the Notice of Violation provided that the "storage of trailers, tires[,] and pallets [is] industrial in nature." *Id.* The Notice of Violation did not identify the specific manner in which St. Elmo violated Condition 12.

On February 18, 2022, St. Elmo appealed from the Notice of Violation to the ZHB. *See* R.R. 2a-3a. St. Elmo also requested variances or modifications from Conditions 1, 3, 6, and 12, and a variance to use a portion of the Property as a public parking lot.[4] The ZHB published public notice of a hearing on St. Elmo's appeal on May 27 and June 3, 2022. The public notice did not advertise St. Elmo's variance and modification requests. The City's Zoning Bureau provided the ZHB

---

[4] Specifically, St. Elmo requested the following:

> 1. [St. Elmo] seeks a [v]ariance to eliminate or modify Conditions 1, 3, 6[,] and 12 . . . .
>
> 2. A legal hardship is imposed upon the reasonable use of the [P]roperty by the strict adherence of Conditions 1, 3, 6, and 12 of the October 3, 2012 [z]oning [d]ecision.
>
> 3. Due to changing economic and social conditions, [St. Elmo] needs relief from Conditions 1, 3, 6[,] and 12 for a reasonable expansion of the use.
>
> 4. The requested relief will not have an adverse impact upon the surrounding area.
>
> 5. [St. Elmo] needs expanded hours of operation, outside storage for trailers, tires, appliances, pallets and other items, as well as outside and inside storage for industrial customers.
>
> 6. [St. Elmo] is not seeking any modification/expansion of Conditions 2, 4, 5, 7, 8, 9, 10 or 11 . . . .
>
> 7. [St. Elmo] also seeks a [v]ariance to use portions of the site as a public parking lot.

R.R. at 3a.

with the zoning history and photographs depicting purported zoning violations at the Property, in particular, showing numerous shipping containers/trailers, wood pallets, and appliances stored outdoors.

On June 13, 2022, the ZHB held a hearing on St. Elmo's appeal. At the hearing, the ZHB learned that the advertised public notice failed to mention St. Elmo's requested variances and modifications. Nonetheless, the ZHB proceeded with the hearing.

At the ZHB hearing, St. Elmo withdrew its appeal from its alleged violation of Condition 1. *See* R.R. at 20a. Despite Section 616.1(d) of the MPC's requirement that the municipality shall have the responsibility of presenting its evidence first, the City did not call any witnesses to testify in support of the alleged violations. Instead, the hearing began with St. Elmo presenting its case to disprove the alleged violations and its evidence supporting its requested variances and modifications.[5] St. Elmo did not object to the ZHB's failure to require the City to present its evidence first. Eugene Berg, Jr., a registered architect, and Abraham Richard Atiyeh, St. Elmo's principal and managing member, testified on St. Elmo's behalf. St. Elmo's witnesses referenced numerous site photographs in their testimony, which photographs the ZHB admitted into evidence.[6]

On June 24, 2022, the ZHB issued its decision denying St. Elmo's appeal from the Notice of Violation and denying the requested variances and modifications. The ZHB explained, in pertinent part:

---

[5] St. Elmo acknowledges in its brief: "The ZHB proceeding began with St. Elmo['s] counsel providing brief argument in opposition to the alleged violations, describing St. Elmo['s] use of the Property, and introducing several exhibits, including photographs of the Property." St. Elmo Br. at 20. Notwithstanding, the ZHB hearing transcript does not reflect this.

[6] During the hearing, ZHB Member Salinger observed: "I don't know what's in those trailers, to me, it looks like a junk yard. It looks -- I think it is demeaning, in terms of its site quality." R.R. at 51a-52a.

4

6. On or about January 19, 2022, [St. Elmo] was cited with a Notice of Violation which specified various alleged violations of the Zoning Ordinance and [the Conditions].

7. [St. Elmo] appealed said Notice of Violation and in so doing requested modifications of the . . . [C]onditions . . . and variances as to use. . . .

8. At the time of the hearing, [St. Elmo] offered[,] and the [ZHB] accepted into evidence[,] Exhibits 01 through 18.

### DECISION

The [ZHB] is of the opinion that the [a]ppeal should be denied.

Testimony and photographic evidence indicated to the [ZHB]'s satisfaction that [St. Elmo] committed the violations specified in the Notice of Violation.

As to the requested modifications of [the Conditions] and the requested variances, the [ZHB] denies the same because of the presentation of insufficient evidence of the specifics of the proposed changes and variances. In other words, the requests were general but the details were missing. Reference is made to Exhibit 03 wherein [it] is indicated "Outdoor Storage" and "Pallet Storage" without specifics such as the extent of the proposed storage, the type of storage, the materials to be stored, the pattern or design, screening or parking lot requirements such as found in Section 1327.03.B.B. of the Zoning Ordinance.

As a result of the above, [St. Elmo] may choose to revisit the matter. The [ZHB's] denial is not based on the merits but rather the lack of sufficient information.

R.R. at 104a-105a.

St. Elmo appealed from the ZHB's decision to the trial court. The City intervened in the appeal. The parties did not present additional evidence. On December 27, 2022, the trial court affirmed the ZHB's decision to the extent that it determined that St. Elmo had violated the Conditions, but remanded the issue of the ZHB's denial of the requested variances and modifications to the ZHB with direction

5

to re-advertise St. Elmo's variance and modification requests, hold a new hearing on those requests, and decide those requests on the merits.[7]  St. Elmo appealed to this Court.[8]

St. Elmo first contends that the ZHB abused its discretion and committed legal error by denying St. Elmo's appeal from the Notice of Violation where the City failed to fulfill its "responsibility of presenting its evidence first[,]" as required by Section 616.1(d) of the MPC, 53 P.S. § 10616.1(d).  Both the ZHB and the City contend that St. Elmo waived its argument that the ZHB erred when it failed to require the City to present its evidence establishing the violations first.

The law is well[ ]established that

> [w]hile a party has a duty to preserve an issue at every stage of a proceeding, he or she also must comply with the general rule to raise an issue **at the earliest opportunity**.  *Renna v. Dep't of Transp., Bureau of Driver Licensing*, 762 A.2d 785, 788 (Pa. Cmwlth. 2000) (holding failure to raise issue during trial court's hearing constituted waiver).

---

[7] This Court notes that because the ZHB failed to comply with the required notice with respect to the variance and modification requests, the ZHB's decision with respect thereto was a nullity.  *See Eaton v. Zoning Hearing Bd. of the Borough of Wellsboro*, 471 A.2d 919 (Pa. Cmwlth. 1984).  Thus, the trial court's review of the ZHB's decision denying the variance and modification requests is also a nullity.  "[A] court may, at any time, raise the issue of an agency's jurisdiction *sua sponte*." *Riedel v. Hum. Rels. Comm'n*, 739 A.2d 121, 124 (Pa. 1999).  Based on these facts, because the trial court's review of the variance and modification requests was a nullity, the trial court's order regarding the same will not affect this Court's review of the Notice of Violation in this case.

[8] This Court has explained:

> Where the trial court does not accept additional evidence, this Court determines on review whether the [ZHB] committed an error of law or "a manifest abuse of discretion." *Valley View Civic Ass[’n] v. Zoning B[d.] of Adjustment*, . . . 462 A.2d 637, 639 ([Pa.] 1983).  A [ZHB] abuses its discretion "only if its findings are not supported by substantial evidence." *Id.* at 640.

*Sowich v. Zoning Hearing Bd. of Brown Twp.*, 245 A.3d 1188, 1195 n.3 (Pa. Cmwlth. 2021).

> > *Campbell v. Dep't of Transp., Bureau of Driver Licensing*, 86 A.3d 344, 349 (Pa. Cmwlth. 2014) (emphasis added)[.]
>
> *City of Phila. v. Rivera*, 171 A.3d 1, 6 (Pa. Cmwlth. 2017) (emphasis omitted). Further, "[Pennsylvania Rule of Appellate Procedure] 302(a) provides: 'Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.'" *In re RHA Pa. Nursing Homes Health & Rehab. Residence*, 747 A.2d 1257, 1260 (Pa. Cmwlth. 2000).

*In re Petition to Set Aside Upset Tax Sale*, 218 A.3d 995, 998 (Pa. Cmwlth. 2019) (bold emphasis added).

Importantly, "[w]here statutory provisions are **mandatory**, [the Pennsylvania Supreme Court] ha[s] held as a general rule that they **cannot be waived**, and substantial compliance is not sufficient." *Dowhower v. Workers' Comp. Appeal Bd. (Capco Contracting)*, 919 A.2d 913, 918 (Pa. 2007) (emphasis added). Section 616.1(d) of the MPC states that "[i]n any appeal of an enforcement notice to the [ZHB], the municipality **shall** have the responsibility of presenting its evidence first." 53 P.S. § 10616.1(d) (emphasis added). "It has long been part of the jurisprudence of this Commonwealth that the use of 'shall' in a statute is not always indicative of a mandatory directive; in some instances, it is to be interpreted as merely directory." *In re Canvass of Absentee & Mail-In Ballots of Nov. 3, 2020 Gen. Election*, 241 A.3d 1058, 1071 (Pa. 2020).

> This Court has explained:
>
> In deciding whether "shall" should be interpreted as mandatory or merely directory when it relates to the time of doing some act, **"shall" has been generally regarded as directory**, *unless time is of the essence* or the statute indicates that the provision is mandatory. *Dep['t] of Transp[.], Bureau of Driver Licensing v. Claypool,* . . . 618 A.2d 1231 ([Pa. Cmwlth.] 1992). It has long been settled that "[t]**he true test [to determine] whether a statute is mandatory or not depends on whether the thing**

7

**directed to be done is of the essence of the thing required**." *Deibert* [*v. Rhodes*], . . . 140 A. [515,] 517 [(Pa. 1928)].

*Sch. Dist. of Phila. v. Indep. Charter Sch.*, 774 A.2d 798, 802 (Pa. Cmwlth. 2001) (bold emphasis added; footnote omitted).

Further,

[**w**]**hether a statute is mandatory** or directory **must be determined by considering legislative intent gleaned** from review of the entire statute and **from considering the nature and object of the statute and the consequences of the construction of it one way or the other**. **If the thing directed to be done is the essence of the thing required**, **the statute is mandatory**. If, however, the statute merely directs that certain proceedings be done in a certain manner or at a certain time, it is directory. **Failure to follow a mandatory statute renders the proceedings void**, whereas failure to follow a directory statute does not.

*W. Penn Power Co. v. Pa. Pub. Util. Com.*, 521 A.2d 75, 78 (Pa. Cmwlth. 1987) (emphasis added; citations omitted); *see also Commonwealth ex rel. Duff v. Eichmann*, 45 A.2d 38, 39 (Pa. 1946); *Deibert*.

In an enforcement proceeding, the municipality bears the burden of proving a zoning ordinance violation. *See Hartner v. Zoning Hearing Bd. of Upper St. Clair Twp.*, 840 A.2d 1068 (Pa. Cmwlth. 2004). "A municipality cannot meet its burden in an enforcement proceeding merely by setting forth the relevant procedural history and establishing the content of the relevant zoning provisions without presenting any evidence that those provisions were violated by the named individuals or entities." *Id*. at 1070.

In *Hartner*, this Court addressed a property owner's challenge to a ZHB decision sustaining an enforcement notice where the township failed to present

8

evidence of a zoning violation.[9] The property owner appealed to the trial court, and the trial court reversed, finding that the ZHB had erred as a matter of law because it had violated Section 616.1(d) of the MPC. This Court affirmed the trial court's order reversing the ZHB. In doing so, this Court explained:

> The trial judge issued an order reversing the ZHB, finding that it had committed an error of law because it had violated Section 616.1(d) of the MPC. That provision states, "in any appeal of an enforcement notice to the

---

[9] In *Hartner*, the record reflected the following exchange at the ZHB hearing:

> ZHB Chair: Let me explain for those of you who have never been before the [ZHB] what the process is. The [t]ownship will go through and explain what this [enforcement notice] is all about and the [t]ownship's position, and we will give the [property owner] a chance to enter whatever evidence the [property owner] wishes to enter . . . . That's the order in which we will do things.

*Hartner*, 840 A.2d at 1069. The township zoning officer then provided a procedural history of the case, identified the applicable zoning regulations, and stated the township's position. However, the township did not call any witnesses to testify and did not offer any substantive evidence into the record. Thereafter, the following transpired:

> **Counsel for** [**the t**]**ownship**: I think they have the burden of going forward.
>
> **Counsel for** [**the property owners**]: <u>I don't believe that's the case. I believe the [t]ownship has to put on evidence that there has been a violation of the [zoning c]ode. I think that's what the MPC requires.</u>
>
> **ZHB Chair**: [The t]ownship, what would you like to cite as to their having the burden?
>
> **Counsel for** [t**he t**]**ownship**: Well, I think what we have got here is they are appealing the determination by the [z]oning [a]dministrator. I think they have the burden of going forward to establish the basis for their appeal . . . . The [z]oning [o]fficer has already read the [t]ownship's position. I think that establishes a prima facie case, and on the basis[,] I submit the [property owners] now have the burden of going forward.
>
> **ZHB Chair**: For the purposes of this record, ***I'm going to hold that the*** [***t***]***ownship has made a prima facie case*** that can be rebutted.

*Hartner,* 840 A.2d at 1069-70 (underline emphasis added). Thus, the ZHB believed it had complied with Section 616.1(d) of the MPC because the township technically presented first.

[ZHB], the municipality shall have the responsibility of presenting its evidence first." The [t]ownship now appeals to this Court, and asserts, *inter alia*, that there was no error before the ZHB as to the order of presentation of the evidence.

. . . . Whether the [property owners] violated the zoning provisions as charged is ***the issue*** in the case. Because the [t]ownship did not present evidence of the violation, the ZHB essentially shifted the burden to the [property owners] to testify first. The result was that they had to disprove the case against them before the [t]ownship had established the case at all. This was clearly error and the trial court was correct in so holding.

*Hartner*, 840 A.2d at 1070 (underline emphasis added).

In affirming the trial court's decision, the *Hartner* Court observed:

[**I**]**n order to rebut the allegations**, the [property owners] were, in essence, required to call the [t]ownship [m]anager, a police officer, the [z]oning [o]fficer[,] and an individual who stated he had used **the [property owners**'] facilities to repair his vehicle. Thus, they **were essentially forced first to establish a case against themselves so they could then disprove it**.

*Id*. at 1070 (emphasis added).

The *Hartner* Court analysis demonstrates that "the thing directed to be done[,]" i.e., Section 616.1(d) of the MPC's requirement that the municipality present its evidence first, "is the essence of the thing required[,]" *West Penn*, 521 A.2d at 78, since "[w]hether the [property owner] violated the zoning provisions as charged is ***the issue*** in the case." *Hartner*, 840 A.2d at 1070. Here, absent such compliance with Section 616.1 of the MPC, St. Elmo was "essentially forced first to establish a case against [itself] so [it] could then disprove it." *Id*. Thus, this Court concludes that Section 616.1(d) of the MPC is mandatory and could not be waived.

The record is clear that the ZHB violated Section 616.1(d) of the MPC when it failed to require the City to present its evidence first. Because the ZHB's

"[f]ailure to follow a mandatory statute renders the proceedings void," *West Penn*, 521 A.2d at 78, this Court concludes that the ZHB's proceedings in this matter were void. Accordingly, this Court must remand this matter to the trial court with direction to remand to the ZHB to conduct proceedings in compliance with the MPC.[10]

For all of the above reasons, the trial court's order is reversed and the trial court is directed to remand this matter to the ZHB for further proceedings consistent with this Opinion.

_____
ANNE E. COVEY, Judge

---

[10] Given this Court's disposition of the first issue, it does not reach St. Elmo's second issue.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

St. Elmo Development, LLC :
:
v. :
:
Zoning Hearing Board of the City of :
Allentown :
:
v. :
:
City of Allentown :
: No. 48 C.D. 2023
:
Appeal of: St. Elmo Development, LLC :

# O R D E R

AND NOW, this 2nd day of July, 2024, the Lehigh County Common Pleas Court's (trial court) December 27, 2022 order is REVERSED, and the matter is REMANDED to the trial court with direction to remand to the Zoning Hearing Board of the City of Allentown for further proceedings consistent with this Opinion.

Jurisdiction is relinquished.

_____
ANNE E. COVEY, Judge