149 Pa. Commonwealth Ct. 425 (1992)
613 A.2d 162
Bernard V. SELL and Barbara A. Sell, James S. Gallaway, Linda L. Gallaway, Frederick Ziegler, Penny L. Ziegler, Paul L. Gehris, Anna E. Gehris, Mark S. Santangelo, Judy Santangelo
v.
DOUGLAS TOWNSHIP ZONING HEARING BOARD and Timothy A. Holstein and Donna Holstein.
Appeal of Timothy A. HOLSTEIN and Donna Holstein, Appellants.
Commonwealth Court of Pennsylvania.
Argued June 15, 1992.
Decided July 29, 1992.
*427 Byron M. Yatron, for appellants.
Dennis L. O'Connell, for appellee Douglas Tp. Zoning Hearing Bd.
Lisa J. Cappolella, for appellees Bernard V. Sell et al.
Before COLINS and PELLEGRINI, JJ., and BARRY, Senior Judge.
PELLEGRINI, Judge.
Timothy and Donna Holstein (Property Owners) appeal from a decision of the Court of Common Pleas of Montgomery County (trial court) reversing a decision of the Douglas Township Zoning Hearing Board (Board) that granted use variances to operate a milk hauling business on their property.
The Property Owners reside on a 1.9 acre lot (property) in an R-1 residential-agricultural district. They have been operating a milk hauling business, including the parking of tractor trailers, on the property since 1982. While inspecting the property due to Property Owners' application for a building permit to enlarge their garage, the township zoning officer informed them that operating a business in a residential-agriculture district was not a permitted use. He informed Property Owners that to continue operating a milk hauling business, they would have to seek relief from the Board. As a result, Property Owners filed an application to the Board requesting a "variance and/or special exception" to park six to eight tractor trailers on the premises every night, service the tractors in their detached garage, and maintain an office in one room of their residence.
At the Board hearing, Property Owners sought a special exception under Section 130 of the Douglas Township Zoning Ordinance of 1982 (Zoning Ordinance). This Section provides for the overnight parking of large commercial vehicles on a *428 residential lot when certain requirements are met.[1] The Property Owners contended that if the special exception for the parking of trucks was granted, approval of the office in their residence and the servicing of tractors in their garage would follow as included accessory uses. In the alternative, Property Owners contended that they were entitled to variances to continue those uses. Granting the Property Owners' alternative request, the Board issued three use variances.[2]
Neighboring landowners appealed to the trial court the Board's decision granting Property Owners the use variances. The Property Owners intervened in the neighboring landowners' appeal and attempted to raise the contention that the Board should have granted them a special exception for the parking of tractor trailers. The trial court refused to address whether the Board's failure to grant a special exception was proper, because only the issues that were raised by neighboring landowners' appeal were before the court. The trial court held that if the Property Owners wanted to raise the Board's refusal to grant them a special exception, they were required to appeal. Finding that there was no unnecessary hardship, the trial court reversed the Board's decision to grant the use variances. The Property Owners then filed this appeal.
The Property Owners do not contend that the trial court erred in reversing the Board's decision to grant the use *429 variances to operate the milk hauling business.[3] Instead, they contend the trial court erred in holding that as an intervenor they could not raise the issue of the Board's failure to grant them a special exception under Section 130 of the Zoning Ordinance.[4]
Section 1004-A of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, as amended, 53 P.S. § 11004-A, provides that except for the absolute right of a property owner to intervene within 30 days of the filing of a land use appeal, intervention is governed by the Pennsylvania Rules of Civil Procedure. Because they did not intervene within the thirty days after the neighboring landowners filed their appeal,[5] Property Owners' intervention is governed by the Rules of Civil Procedure (Pa.R.C.P.).[6]
*430 Under Pa.R.C.P. No. 2329(1), a claim or defense by an intervenor must be in subordination to and in recognition of the propriety of the action as framed by the appellant. The intervenor takes the litigation as he finds it. Appeal of the Municipality of Penn Hills, 519 Pa. 164, 546 A.2d 50, 52 (1988). In Penn Hills, the Supreme Court stated that "when a party chooses to appeal under our rules of civil procedure, they choose the issues, and what is not chosen is waived. We cannot and do not construe an appeal as a challenge to all possible issues; we confine ourselves to what the parties choose and only that." Id. at 172, 546 A.2d at 54.
Because the Property Owners were intervenors, they could only address issues that were raised by the neighboring landowners as appellants. Without an appeal, the issue of a special exception for parking is waived. Because the neighboring landowners' appeal only raised the propriety of the grant of variances, the Property Owners' contentions concerning a special exception were not before the trial court. Accordingly, we affirm.

ORDER
AND NOW, this 29th day of July, 1992, the order of the Court of Common Pleas of Montgomery County dated September 25, 1991, No. 91-02790, is affirmed.
NOTES
[1] Section 130 of the Zoning Ordinance establishes the following requirements for the parking of commercial vehicles on a residential lot:

. the vehicles must be able to turn around on the lot so that backing onto the street is not required;
. vehicles cannot be parked in the front yard;
. a setback of ten feet and a screen of six feet in height must be provided at the rear and side yards; and
. vehicles cannot be left running for more than ten minutes.
[2] While initially the Board voted to grant a special exception for parking, the final decision only granted the use variances. The Property Owners requested that the Board change the variance for parking back to a special exception. The Board responded by letter that they would not consider changing the variance to a special exception. Property Owners have filed a separate action in mandamus against the Board, alleging that they are entitled to a special exception.
[3] The Property Owners admitted, at oral argument, that the Board improperly granted the variances because they did not present any evidence of unnecessary hardship.
[4] The Property Owners also contend that the appeal filed by neighboring landowners is a nullity because they were not parties before the Board. Property Owners did not raise this issue before the trial court when they intervened or by the filing of a separate motion to quash. In any event, the record reveals that Barbara A. Sell and Linda L. Gallaway appeared before the Board and their appearance was entered on the record as the Board requested, with their names and addresses and comments, and Bernard V. Sell prepared a statement that was read into the record at the hearing. There was no evidence that the Board required any further action by an objector to become a party. See Section 908(3) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, as amended, 53 P.S. § 10908(3). Even if the issue of standing had been raised before the trial court, at least some of the neighboring landowners who filed the initial appeal had standing to challenge the grant of variances to Property Owners.
[5] Neighboring landowners filed the appeal to the trial court on February 12, 1991, and the first notice of Property Owners' intervention was filed on July 17, 1991.
[6] Even if Property Owners had intervened within thirty days following the filing of the appeal, the result would be no different. By permitting intervention as of right, the MPC, in effect, creates a presumption that the property owner meet the requirements to intervene which are set forth in the Rules of Civil Procedure. Even if the intervention is filed within thirty days, an intervenor cannot maintain claims or defenses which were not in subordination to and in recognition of the propriety of the action filed by the neighboring landowners because an intervenor enters the litigation after the issues have already been raised when he has an interest in the issues raised. An intervenor with claims that are not in subordination to the issues raised by the appellant has the option of filing a separate appeal. See generally Bannard v. New York State Natural Gas Corporation, 404 Pa. 269, 172 A.2d 306, 312-13 (1961) (not followed on other grounds in Stair v. Commonwealth, 28 Pa.Commonwealth Ct. 457, 368 A.2d 1347 (1977)).