Christopher LECKEY and
Kathleen Leckey

v.

LOWER SOUTHAMPTON TOWNSHIP
ZONING HEARING BOARD.

Appeal of: Lower Southampton
Township.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 8, 2004.
Decided Dec. 30, 2004.

Kristina S. Wiercinski, Langhorne, for appellant.

Stephen P. Moyer and H. Peter Nelson, Perkasie, for appellee.

BEFORE: COLINS, President Judge, McGINLEY, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, COHN JUBELIRER, Judge, SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge PELLEGRINI.

Lower Southampton Township (Township) appeals an order of the Court of Common Pleas of Bucks County (trial court) striking conditions imposed by the Lower Southampton Township Zoning Hearing Board (Board) when it granted a

special exception to Christopher Leckey and Kathleen Leckey (Property Owners) to conduct a nursery use with an accessory landscape business use.

Property Owners own property located in Lower Southampton Township, Bucks County, Pennsylvania, which is zoned R–1, Residential district. It consists of approximately ten acres of land and is improved with a main house, a farm hand house and a barn. The property abuts a Conrail railroad line to the northwest, the Ridge Crest Nursing Home to the southeast and residential properties to the south and southwest. In May of 1995, Property Owners purchased the property from Charles Fell, who still resides in the farm hand house, while Property Owners live in the main house.

Prior to purchasing the property, Property Owners operated a landscaping business. After the purchase, they began operating a nursery in conjunction with their landscape business on the property. Approximately five acres of the property is planted with nursery stock. Property Owners own and use several pieces of equipment associated with their businesses, including a tractor, three skid loaders, two small dump trucks, one large dump truck, a ten-foot trailer, a 20–foot-trailer and a 25–foot trailer. This equipment is stored in an area near the barn which is covered with a stone-like substance produced from the milling of asphalt from roadways. Additionally, Property Owners have constructed two large concrete bins to store mulch and top soil which is used both on the property in connection with the nursery business and off the property in connection with their landscape business. They receive about seven or eight deliveries of mulch and six deliveries of top soil per year. Property Owners also have a snow plowing business during the winter months.

By notice dated April 11, 2002, Property Owners were advised by the Township that their landscaping business was in violation of Section 401 of the Township's Zoning Ordinance (Ordinance) which did not allow that use in an R–1 district. They appealed to the Board and also filed an application for a special exception for a nursery use with an accessory landscaping use. Before the Board, Mr. Leckey testified regarding his landscaping and nursery businesses and described his typical work day as one where he began loading up between 7:00 a.m. and 8:00 a.m. and returning home between 5:00 p.m. and 6:00 p.m. He stated that he currently had no employees, but had up to six in the past. He explained that it was impossible to grow all of the stock necessary for his landscaping business, and that his nursery business accounted for ten percent of his income with the remaining income being generated from his landscaping business. He also stated that he had contracts for snowplowing in the winter at which time he utilized his smaller dump trucks and his tractor.

At the hearing were various neighbors, some testifying in support of Property Owners' application and others against it. In support of Property Owners' application, Debra Taylor (Ms. Taylor) testified that she lived directly opposite from Property Owners and observed very little activity from the property. She stated that the activity mainly consisted of a truck leaving the property in the morning, returning and leaving in the afternoon and returning in the early evening. She stated that she worked during the day and never experienced any traffic problems or noise due to Property Owners' businesses either in the morning or after work. Ms. Taylor also stated that Property Owners had improved the appearance of the front of the property with landscaping. Ms. Taylor did state

that while she could not see from her property the area where Property Owners stored their equipment or the concrete storage bins, she could see that area if she stood in the backyard of Ms. Sands, a neighbor who opposed the application.

Two neighbors, Ms. Mehler and Ms. Quigley, testified in opposition to the application. Ms. Mehler's property was immediately behind and bordering Property Owners' property and her main concern was the view of their property from her property. She had no objection to Property Owners' operation of a nursery business, but wanted restrictions on the number of their employees. She stated that there was occasional noise, but it was the physical appearance of the property that was her major concern. Ms. Quigley also stated that Property Owners' property was visible from her own property and she, too, objected to the physical appearance of their property. She also wanted to see a restriction on the number of employees and objected to the noise the trucks made as late as 10:00 p.m.

Also at the hearing was Christine Cofone (Ms. Cofone), a Professional Planner with an engineering firm, who testified for the Township and recommended that certain changes be made so as to bring the property more in line with the character of the R–1 district and ameliorate any negative impact on the surrounding residences. Those recommendations included extending an existing row of evergreens in an "L"-shaped pattern to screen the property from surrounding residences; relocating some of the equipment away from the surrounding residences; painting the concrete bins a neutral color that stored the mulch and top soil; and limiting the hours of operation.

The Board granted Property Owners a special exception to operate a nursery with an accessory landscape business because Property Owners met the applicable requirements for a special exception under Section 2308 of the Township's Ordinance relative to a nursery use with an accessory landscaping use. In granting that special exception, the Board made it subject to the following conditions: that Property Owners establish a buffer of trees along a boundary line in the "L"-shaped pattern recommended by Ms. Cofone; that no additional structures be erected and the equipment yard not be expanded; that the hours of operation be limited to Monday through Saturday, 7:00 a.m. to 6:00 p.m.; that the number of vehicles used and stored remain the same; that the number of employees remain the same; and that Property Owners comply with the Township's noise Ordinance.

Property Owners filed an appeal with the trial court alleging, *inter alia,* that the conditions imposed by the Board, with the exception of the tree buffer line, were erroneously imposed. The Township filed a notice of intervention as did Ms. Quigley, Ms. Mehler and Ms. Sands, which were granted. Agreeing with Property Owners, the trial court struck all of the conditions with the exception of the tree buffer line requirement. The trial court noted that the neighbors who testified regarding the negative visual impact of Property Owners' application would be appeased by the tree buffer line; however, the remaining conditions were not properly supported by the evidence because Ms. Cofone did not articulate specific reasons for her recommendations or demonstrate how the conditions were related to the health, safety and welfare of the community. The Township then filed this appeal.[1]

1. Our scope of review where, as here, the trial court takes no additional evidence, is limited to determining whether the ZHB committed an error of law, abused its discretion or made

■ The Township contends that the trial court erred in striking the conditions imposed by the Board in granting the special exception regarding the amount and storage of equipment, hours of operation, number of employees and compliance with the Township's noise ordinance.[2] Section 912.1 of the Pennsylvania Municipalities Planning Code (MPC)[3] specifically authorizes the Board to "attach such reasonable conditions and safeguards, in addition to those expressed in the ordinance, as it may deem necessary to implement the purposes of this act and the zoning ordinance." Because, under the MPC, the Board, utilizing its grant of discretionary power to make a judgment, can impose conditions "it may deem" necessary, a court reviews a challenge to the reasonableness of those conditions; it does not determine whether there is substantial evidence, which is a "fact standard," but whether those conditions

constitute an abuse of discretion. Like in any abuse of discretion review, the Board is not required to support the imposition of conditions; rather, the opposite is true— property owners are required to show that the imposition of conditions was an abuse of discretion. *Pfile v. Zoning Bd. of Adjustment of Borough of Speers*, 7 Pa. Cmwlth. 226, 298 A.2d 598 (1972).[4]

■ In this case, nothing supports Property Owners' burden to establish that the Board's conditions were unreasonable. To the contrary, Property Owners' nursery and landscaping business was located in a residential district and the landscaping business was not even a permitted use in an R-1 zone. Conditioning the special exception by limiting the hours of operation and number of employees, requiring Property Owners to comply with the noise ordinance, the quantity of equipment used and the number of structures on the property,

findings not supported by substantial evidence. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983); *Hartner v. Zoning Hearing Board of Upper St. Clair Township*, 840 A.2d 1068 (Pa.Cmwlth.2004). Substantial evidence is relevant evidence such that a reasonable mind might accept it as adequate to support a conclusion. *Id.*

2. The Township attempts to contend that the Board erred in concluding that Property Owners' landscaping and snow plowing business was an accessory use to their special exception nursery use. The issue was not addressed by the trial court because the Township was an appellant in the proceeding below. The Township filed a notice of intervention in Property Owners' appeal which the trial court granted. However, as an intervenor, the Township could only address issues that were raised by Property Owners in their appeal. *See Sell v. Douglas Township Zoning Hearing Board*, 149 Pa. Cmwlth. 425, 613 A.2d 162 (1992); Pa. R.C.P. No. 2329(1) (claim or defense by intervenor must be in subordination to and in recognition of propriety of action as framed by appellant). Because this issue was not

raised by Property Owners, it cannot now be raised by the Township.

3. Act of July 31, 1968, P.L. 805, *added by* Act of December 21, 1988, P.L. 1329, *as amended*, 53 P.S. § 10912.1.

4. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overwritten or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence of record, discretion is abused. *Commonwealth v. Rucci*, 543 Pa. 261, 670 A.2d 1129 (1996). Although the "abuse of discretion" scope of review is not expressly provided for in the Administrative Agency Law or the Local Agency Law, it is included in the requirement that the agency decision be "in accordance with law." To be "in accordance with law," an agency's decision must not represent a manifest and flagrant abuse of discretion or a purely arbitrary execution of its duties or functions as set forth in the case law prior to the enactment of the Administrative Agency Law. *Slawek v. State Board of Medical Education and Licensure*, 526 Pa. 316, 586 A.2d 362 (1991).

all made the operation of the business more compatible with an R–1 Residential zoning district. All of those conditions addressed the concerns expressed by Ms. Cofone, the Professional Planner, and those of both neighbors, Ms. Mehler and Ms. Quigley, who testified not only about concerns with the physical appearance of Property Owners' property but also regarding the noise from the equipment used, the time of day the equipment was used (10 p.m.), and a restriction on the number of employees at the nursery.

Accordingly, because it is within the Board's discretion to impose reasonable conditions on the grant of a special exception in a residential district, that portion of the trial court's order striking the condi-tions is reversed. The remaining portion of the trial court's order is affirmed.

### ORDER

AND NOW, this 30th day of December, 2004, that portion of the order of the Court of Common Pleas of Bucks County striking the conditions attached to the grant of a special exception imposed by the Lower Southampton Township Zoning Hearing Board is reversed. The remaining portion of the trial court's order is affirmed.