Durante Real Estate Holdings, LLC,     :
               Appellant              :
                                             :
           v.                    :
                                             :
Herrick Township Board of         :    No. 818 C.D. 2023
Supervisors                    :    Argued: September 9, 2024

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                               FILED: October 4, 2024

        Durante Real Estate Holdings, LLC (Durante) appeals from the Susquehanna County Common Pleas Court's (trial court) June 30, 2023 order affirming the decision of the Herrick Township (Township) Board of Supervisors (Board) that granted Durante's conditional use application (Application) with four conditions (Conditions). Durante presents five issues for this Court's review: whether the trial court committed an error of law or abused its discretion by (1) concluding that Durante failed to present evidence that the existing sewage system had the capacity to handle potential increased sewage flow arising from the expanded use and imposing Condition 1, not hearing additional evidence on the matter, and quashing Durante's subpoena requests; (2) denying Durante's appeal from the Board's failure to appoint an independent hearing officer where Township Solicitor Michael Briechle (Attorney Briechle) usurped the Board's authority by acting as the *de facto* hearing officer and violating Durante's due process rights, and

where the Board conducted its quasi-judicial function without an independent hearing officer; (3) finding that Durante lacked standing; (4) finding that Durante failed to indicate the intended use of the concrete pad identified on the Application; and (5) denying Durante's request for a stay from Condition 4, which prohibits Durante from utilizing the pavilion until all Conditions are satisfied. After review, this Court affirms.

**Background**

Durante owns the Speakeasy Saloon and Resort (Speakeasy) located at 9207 State Route 171, Union Dale, Pennsylvania, which consists of a restaurant, bar, 18-room motel, and outside patio/pavilion (Property). The restaurant, bar, and motel have operated under various names and owners since at least 1964. The Township's Zoning Ordinance[1] (Ordinance) began requiring conditional use permits in 1987.[2] Because the entirety of the Township is an Agricultural - Rural/Residential (ARR) Zoning District, the operation of a restaurant, a bar, and a motel is a non-conforming use. *See* Reproduced Record (R.R.) at 105a, 116a-117a.

Durante acquired the Speakeasy on December 29, 2017. The Speakeasy's indoor restaurant and bar have a maximum occupancy of 52 persons. On February 27, 2018, Durante representative Jeff Durante submitted a request to

---

[1] Herrick Township, Pa. Zoning Ordinance (May 5, 1997).

[2] Section 102 of the Ordinance defines a *conditional use* as

> [a] use which is not appropriate to a particular zone [sic] district as a whole, but which may be suitable in certain localities within the district only when specific conditions . . . and factors prescribed for such cases within this Ordinance are present. Conditional uses are allowed or denied by the [Board] after recommendations by the [] Township['s] Planning Commission.

Ordinance § 102 (Reproduced Record (R.R.) at 109a-110a). The Ordinance allows restaurants and motels in the Township's Recreational Mixed Density Overlay District as a conditional use. *See* R.R. at 117a.

2

the Township[3] (2018 Application) for a building/zoning permit to construct a detached 60-foot by 40-foot concrete pad, without stating the intended purpose therefor.[4] Jeff Durante represented in the 2018 Application that the pad was an alteration with "no change of use." R.R. at 28a; *see also* R.R. at 458a, 463a. On March 5, 2018, the Township's Zoning Officer John Watts (Watts) approved the 2018 Application without any qualifications or conditions. Durante constructed the pad with a capacity to accommodate approximately 134 patrons, covered it with a large tent, and used it for year-round dining. The Pennsylvania Liquor Control Board also licensed the pad for liquor sales and service. Durante did not submit a conditional use application to utilize the pad for dining purposes.

In 2019, the Township's then-Sewage Enforcement Officer (SEO) Jim McDonald (McDonald) received complaints of sewage smells and discharge emanating from the Speakeasy. McDonald indicated to Watts, who was also the Township's alternate SEO, that he had found evidence of a malfunctioning septic system at the Property with a discharge of sewage to the surface into wetlands behind the restaurant. Watts directed Durante to fix the septic system and conduct a dye

---

[3] Although Durante asserts in its brief to the Court: "The Durantes, specifically Jeff[] Durante, are members of Durante Real Estate Holdings, LLC[,]" Durante Br. at 21, the record does not reflect Durante representative Jeff Durante's, or his wife Doreen Durante's, relationship to Durante. Notwithstanding, no one objected to Jeff or Doreen Durante acting or testifying on Durante's behalf in these proceedings.

[4] Township Zoning Officer John Watts (Watts) admitted that in the 2018 Application under the Type of Building section on the form, applicant Jeff Durante marked the "[a]lteration" box and wrote "& new pad." R.R. at 28a. Under the Proposed Use section of the form, Jeff Durante marked the "motel," "resort facility," and "restaurant" boxes. *Id.* Under the Type of Sewage Disposal and Type of Water Supply sections on the form, Jeff Durante wrote "existing." *Id.* When Watts was asked: "Was the pad seen as any type of structure within the context of the [] [O]rdinance?" he responded: "No, not really. A pad or a patio typically does not require a zoning permit, although commercial establishments, when they apply for these type of approvals [] get written approval." R.R. at 464a. Watts declared that Durante did not provide any representations or documentation about the pad's purpose in the 2018 Application, let alone that it would be used to provide outdoor restaurant service. *See* R.R. at 463a-464a. Watts asserted that if he had known that he would have submitted the 2018 Application to the Board for conditional use approval. *See* R.R. at 465a.

3

test to ensure that it was working properly. According to Durante, the septic system malfunction was due to a clogged pipe (someone placed a bottle in it) which was subsequently repaired.

In October 2021, a storm destroyed the tent that covered the pad. On June 7, 2022, Jeff Durante filed a zoning permit application to construct an addition to an accessory structure - a 42-foot by 48-foot "unattached, unenclosed" wooden roof over a portion of the concrete pad the Township approved in 2018. R.R. at 36a; *see also* R.R. at 39a. By June 9, 2022 letter, Watts denied the zoning permit application, stating that approval was subject to the Ordinance's conditional use procedures. On July 6, 2022, Durante appealed from Watts' determination to the Township's zoning hearing board. In July 2022, without applying for a building permit, Durante constructed a 42-foot by 48-foot by 12-foot roofed pavilion over the concrete pad to provide seasonal outdoor dining during the summer months for 50 to 65 patrons.[5] A hearing was held before the zoning hearing board, which was continued to October, 6, 2022, at which time Durante withdrew its appeal, and Jeff Durante filed the Application to approve the constructed pavilion.

By October 17, 2022 letter, Watts informed Durante that since the Property's current use was non-conforming, approval of the pavilion was subject to the Ordinance's conditional use procedures.[6] Specifically, Watts related that

---

[5] The pavilion did not cover the entire concrete pad.

[6] In accordance with Section 608.C of the Ordinance, Ordinance § 608.C, Watts also forwarded the Application to the Township's Planning Commission for review and comment. On November 10, 2022, the Township's Planning Commission offered the following observations:

> 1) No mention of number of tables, additional number of patrons - no indication of impacts on capacity.
>
> 2) How do the additional patrons impact the existing sewer system?
>
> 3) No foundation plan included in the package.
>
> 4) No indication of what the intended purpose of the pavilion [sic].

4

because the pad was not previously approved for food and drink service, Durante needed to demonstrate that the current sewage system could handle the additional sewage flows. On October 30, 2022, Durante hired Septic Surgeons to perform a dye test on the septic system, the results of which indicated the system was in working condition. *See* R.R. at 77a. In addition, following McDonald's recommendation, Durante had the septic system drained every three months.

The Township conducted hearings on November 16, 2022 and January 16, 2023. Although the entire Board was present at the hearings, it requested that Attorney Briechle assist in conducting the hearings. When the November 16, 2022 hearing commenced, Attorney Briechle declared: "Just for the record, I'm not a hearing officer. I'm just helping conduct the actual hearing." R.R. at 396a. Durante did not object to Attorney Briechle assisting the Board in that manner on either hearing date.

At the hearings, Watts testified that if the 2018 Application had indicated that the pad's intended use was for serving food and beverages to patrons, he would have required a conditional use hearing. Watts further asserted that the Township is governed by the Pennsylvania Municipalities Planning Code (MPC)[7] and the Pennsylvania Sewage Facilities Act (Sewage Facilities Act).[8] Watts declared that, as alternate SEO, he relies on the Sewage Facilities Act to determine

---

5) No indication of whether the pavilion is open or enclosed.

6) This business must adhere to all relevant requirements as mandated by local, county, state[,] and federal government, and all necessary permits and licenses must be obtained and kept current.

7) Application: Contractor information was listed N/A.

8) Building Plans presented are not dated.

9) Building Plan notes are illegible.

R.R. at 277a.

[7] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202.
[8] Act of January 24, 1966, P.L. (1965) 1535, *as amended*, 35 P.S. §§ 750.1-750.20a.

proper sewage flows for Township properties and to enforce the Ordinance. *See* R.R. at 469a, 471a-472a. Watts claimed that he was unable to verify any repairs to the septic system, as Durante purportedly denied Watts access to the Speakeasy at least twice when attempting to inspect it. Watts also concluded that Septic Surgeon's dye test was not sufficient evidence that Durante's septic system could handle the flows from patrons using the pad/pavilion. The Board continued the November 16, 2022 hearing to January 16, 2023, for Durante to conduct a septic inspection.[9] Durante did not offer any analysis on the increased sewage flows related to patron use of the pavilion. Rather, Durante representative Doreen Durante testified that Watts had already approved the concrete pad for patron dining in 2018, and the proposed use is now for fewer patrons. However, in an effort to cooperate with the Township and so "all this stops," R.R. at 453a, Doreen Durante expressed that Durante planned to upgrade or modify the septic system by installing a sand mound septic system.

On February 16, 2023, the Board granted Durante's Application subject to the following Conditions:

> 1. [**Durante**] **shall provide information** to the satisfaction of the Township, its [SEO,] and all other consultants engaged by the Township, **evidencing that the sewage system currently servicing the subject [P]roperty**, **and the improvements thereon**, including, but not limited to, the restaurant, motel/inn, and patio is: (a) not malfunctioning; (b) **sufficient in capacity and all other respects to address the sewage needs of the subject [P]roperty and the improvements thereon**; **and** (c) **compliant with the Sewage Facilities Act and the regulations promulgated thereunder**. [Durante] shall allow the Township's [SEO], zoning officer, consultants and representatives to enter upon the subject [P]roperty to

---

[9] In compliance with Section 908(1.2) of the MPC's 45-day deadline, *see* 53 P.S. § 10908(1.2), the hearing was rescheduled to December 19, 2022. However, due to subsequent scheduling conflicts it was moved to January 16, 2023.

6

inspect and/or test the sewage system and/or verify any and all information related thereto. To the extent that permit/permits is/are required under the Sewage Facilities Act[,] [Durante] shall apply for and secure said permit(s).

2. [Durante] shall apply and secure all applicable building permits and certificates from the Township and/or its building codes official regarding the subject patio and pavilion.

3. [Durante] shall not enclose the subject pavilion with either temporary or permanent walls unless [Durante] first obtains all applicable zoning and building permits and certificates from the Township and/or its zoning and/or building codes official.

4. [Durante] shall not utilize or allow its customers, guests[,] and/or patrons to utilize the patio upon which the subject pavilion was erected until [Durante] fully complies with [C]onditions 1 through 3[.]

The Township's Zoning Officer shall issue the appropriate permit(s) and/or certificates upon [Durante's] full compliance with the aforesaid.

R.R. at 73a-74a (emphasis added). On February 16, 2023, the Board issued its adjudication containing findings of fact and conclusions of law, stating:

The Ordinance requires that as part of the conditional use review, the [Board] must consider the express standards and criteria set forth in [Section] 608 [of the Ordinance], which includes additional review criteria provided for in Article IV of the Ordinance. Section 407 of the Ordinance requires that all uses shall be provided with a sewage disposal system meeting the needs of the proposed use and meeting the requirements of the Township and the Pennsylvania Department of Environmental Protection [(DEP)].

[Durante's] expansion of its restaurant facilities by constructing the pavilion area without completing the necessary sewage planning and securing necessary permits is inconsistent with the purposes of the Ordinance, the Sewage Facilities Act and the regulations promulgated thereunder. This is especially true in light of the

7

documented malfunction of the sewage system. It is also inconsistent for [Durante] to have constructed the pavilion without securing the necessary building code permits, as required by the Pennsylvania [] Construction Code [Act]. *See* [Act of November 10, 1999, P.L. 491, *as amended*,] 35 P.S. § 7210.[101-1103].[FN]6 The Board . . . does acknowledge that [] [Durante] has demonstrated in all other respects compliance with [Sections] 608[.]A[] and 503 of the Ordinance.

> [FN]6 The Board . . . recognizes that normally the building permits would have been secured subsequent to the issuance of the conditional use permit. However, since the pavilion was constructed without the conditional use permit, the Board . . . concludes that the condition of securing building permits is consistent with the purposes of the Ordinance.

Bd. Op. at 13 (R.R. at 72a).

On March 20, 2023, Durante appealed to the trial court, arguing that because it met the Ordinance's criteria where the dye test established that the septic system is properly functioning, the number of patrons has decreased, there was no evidence of an adverse effect on the health, safety, welfare, or morals of the general community, and this represents the Township's attempt to revoke its 2018 Application approval for the concrete pad the pavilion now covers, it was entitled to conditional use approval without the excessive, unreasonable, and extrajudicial Conditions attached. Durante also asserted that it was denied its due process right to a neutral fact-finder and requested a stay of Condition 4 (prohibiting the pavilion's use) until it satisfied the Conditions pursuant to *Pennsylvania Public Utility Commission v. Process Gas Consumers Group*, 467 A.2d 805 (Pa. 1983). Durante did not move to present additional evidence to the trial court. Rather, on March 23, 2023, Durante filed a praecipe in the trial court seeking assignment to a judge for briefing and scheduling of the matter for oral argument. *See* R.R. at 78a.

8

The trial court scheduled oral argument for June 19, 2023, and ordered the parties to file their respective briefs. Durante filed its brief on May 1, 2023, and the Township filed its brief on May 31, 2023. On June 1, 2023, Durante filed a subpoena for Richard Clark from Septic Surgeons to attend and testify at oral argument. On June 1, 2023, the Board filed a motion to quash the subpoena because the parties had agreed that the matter would be decided on the record before the Board. On June 2, 2023, the trial court granted the Board's quashal motion. On June 19, 2023, the trial court held oral argument on the Application.

On June 30, 2023, the trial court issued an opinion and order affirming the Board's decision, concluding: (1) Condition 1 was required by and reasonably related to the Ordinance; (2) Durante's challenge to Condition 3 lacked merit because the 2018 permit Jeff Durante individually obtained to install a concrete pad on the Property was not for a conditional use and did not confer any right on Durante; the granting of a permit has no impact whatsoever on this conditional use Application; and (3) the record demonstrates that Attorney Briechle did not act as a hearing officer in this case, and Durante waived any objection to his limited participation and assistance in conducting the hearing. The trial court also denied Durante's request for a stay of Condition 4 because Durante failed to establish that it is likely to prevail on the merits where the Township is statutorily authorized to impose the Conditions, and granting the stay could adversely affect the public interest where a stay would allow increased numbers of patrons and corresponding flows into the sewage system without record evidence that Durante's sewage system can handle it. Durante appealed to this Court.

On August 1, 2023, the trial court directed Durante to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). On August 21, 2023, Durante filed its Rule 1925(b) Statement, therein continuing to argue that the trial

9

court erred by upholding Condition 1; by finding that Durante waived its claim that Attorney Briechle usurped the Board's authority and acted as a *de facto* hearing examiner; by finding that Jeff Durante lacked standing and failed to indicate the concrete pad's intended use in 2018 relative to Condition 3; and by concluding that Durante failed to establish the *Process Gas* factors as to Condition 4. Durante added that the trial court erred by quashing its subpoena and not accepting additional evidence from Septic Surgeons regarding Durante's current sewage system.

On August 28, 2023, the trial court filed a supplemental opinion in support of its June 30, 2023 opinion and order, concluding that its June 30, 2023 opinion and order adequately addressed its reasoning for upholding Conditions 1 and 4, and conclusions relative to the 2018 Application and Durante waiving its arguments relative to Attorney Briechle's participation. Regarding Durante's claims that the trial court erred by quashing its subpoena and refusing to accept additional evidence from Septic Surgeons, the trial court pointed out that Durante requested oral argument rather than an opportunity to present additional evidence.

## Discussion

Preliminarily, where, as in this case,

> the trial court takes no additional evidence, **this Court's review determines whether the [Board] abused its discretion or committed an error of law** in granting the conditional use application. The [B]oard abuses its discretion if its findings are not supported by substantial evidence, *i.e.*, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Sluciak v. Cecil Twp. Bd. of Supervisors*, 223 A.3d 725, 730 n.2 (Pa. Cmwlth. 2019) (emphasis added; citation omitted). Although Durante properly expresses this Court's focus in this matter, *see* Durante Br. at 3, it nevertheless proceeds to express what it claims were trial court errors made in upholding the Board's decision. *See*

10

*id.* at 3-5. Notwithstanding, this Court reviews *the Board's decision* for error and/or abuse of discretion.

**Condition 1**

Durante argues that the Board committed an error of law or abused its discretion by concluding that Durante failed to present evidence that the existing sewage system has the capacity to handle potential increased sewage flow arising from the expanded use and imposing Condition 1. Durante asserts that the record evidence "clearly show[s] that [it] met all elements required under the Ordinance for a [c]onditional [u]se." Durante Br. at 11.

> Consistent with Section 913.2(a) of the MPC,[10]
>
> [t]he law on conditional uses is well established. . . .
>
> An applicant is entitled to a conditional use as a matter of right, unless it is determined "that the use does not satisfy the specific, objective criteria in the zoning ordinance for that conditional use." *In re Drumore Crossings, L.P.*, 984 A.2d 589, 595 (Pa. Cmwlth. 2009).
>
> The applicant bears the burden of establishing that the proposed conditional use satisfies the criteria in the zoning ordinance. *Id.* The [B]oard is the fact-finder, with the responsibility for credibility determinations and the weight to assign the evidence. *Joseph* [*v. N. Whitehall Twp. Bd. of Supervisors*], 16 A.3d [1209,] 1218 [(Pa. Cmwlth. 2011)]. If the [B]oard is persuaded that the application complies with the zoning ordinance, a presumption arises that "the proposed use is consistent with the general welfare of the community." *H.E. Rohrer,*

---

[10] Section 913.2(a) of the MPC, added by Section 93 of the Act of December 21, 1988, P.L. 1329, declares: "Where the governing body, in the zoning ordinances, has stated conditional uses to be granted or denied by the governing body pursuant to express standards and criteria, the governing body shall hold hearings on and decide requests for such conditional uses in accordance with such standards and criteria." 53 P.S. § 10913.2(a).

11

*Inc. v. Zoning Hearing B*[*d.*] *of Jackson T*[*wp.*], 808 A.2d
1014, 1018 (Pa. Cmwlth. 2002).

*Kretschmann Farm, LLC v. Twp. of New Sewickley*, 131 A.3d 1044, 1052-53 (Pa. Cmwlth. 2016).

Moreover, "[the B]oard is permitted to impose reasonable conditions on the use of a property to mitigate any potential adverse impacts from the proposed use." *MarkWest Liberty Midstream & Res., LLC v. Cecil Twp. Zoning Hearing Bd.*, 184 A.3d 1048, 1062 (Pa. Cmwlth. 2018) (quoting *Feldman v. Bd. of Supervisors of E. Caln Twp.*, 48 A.3d 543, 548 (Pa. Cmwlth. 2012)); *see also* Section 913.2(a) of the MPC ("In granting a conditional use, the governing body may attach such reasonable conditions and safeguards, in addition to those expressed in the ordinance, as it may deem necessary to implement the purposes of th[e MPC] in the zoning ordinance."). "Reasonable conditions are those that advance a valid zoning interest, are supported by the record, and relate to the specific zoning ordinance at issue." *In re Maibach, LLC*, 26 A.3d 1213, 1216 (Pa. Cmwlth. 2011) (emphasis omitted). Because the MPC authorizes the Board to use its discretionary power to impose conditions it deems necessary, this Court reviews whether the conditions constitute an abuse of discretion. *See Leckey v. Lower Southampton Twp. Zoning Hearing Bd.*, 864 A.2d 593 (Pa. Cmwlth. 2004). "Like in any abuse of discretion review, the Board is not required to support the imposition of conditions; rather, the opposite is true - property owners are required to show that the imposition of conditions was an abuse of discretion." *Id.* at 596.

In the instant matter, Condition 1 requires Durante to provide the Township with evidence that its current sewage system is not malfunctioning, has sufficient capacity to address the needs of the proposed use, and is compliant with the Sewage Facilities Act and attendant regulations. Durante's restaurant, bar, and motel operation is a non-conforming use in the ARR Zoning District. Section 503

of the Ordinance states: "All changes and additions to non-conforming uses . . . shall be considered conditional uses, and permits for alterations, changes in use[,] or additions shall be granted only after a determination by the Township that the criteria in Section 608 [of the Ordinance] . . . have been, or will be, satisfied." Ordinance § 503 (R.R. at 136a); *see also* Ordinance § 303.A.(2) (R.R. at 116a) (conditional uses are subject to review under Section 608 of the Ordinance).

Section 608 of the Ordinance provides, in relevant part:

A. Uses specified as **conditional uses** under District Regulation **shall be permitted only after** review by the [] Township Planning Commission and **approval by the [Board] pursuant to the express standards and criteria set forth below**:

(1) The proposed use shall be in harmony with [the] purposes, goals, objective[,] and standards of the [] Township Comprehensive Plan, this Ordinance and all other ordinances of [the] [] Township.

(2) The topographical and physical characteristics of the site relative to the development of the proposed use shall be evaluated for the effect on surrounding properties, the community, the environment[,] and the public health, safety[,] and general welfare.

(3) The proposed use at the proposed location shall not result in a substantial or undue adverse effect on adjacent property, the character of the neighborhood, traffic conditions, parking, public improvements, public sites[,] or rights-of-way, or other matters affecting the public health, safety[,] and general welfare, either as they now exist or as they may in the future be developed as a result of the implementation of the Comprehensive Plan, this Ordinance, or any other plan, program, map[,] or ordinance of [the] [] Township or other government agencies having jurisdiction to guide growth and development.

13

(4) The proposed use shall not impose an undue burden on any of the improvements, facilities, utilities[,] and services of the Township, whether such services are provided by the Township or some other agency. **The applicant shall be wholly responsible for providing such improvement**, **facilities**, **utilities**[,] **or services as may be required to adequately service the proposed use** when the same are not available . . . or adequate to service the proposed use in the proposed location. As part of the application and as a condition to approval of the proposed conditional use permit, the applicant shall be responsible for establishing ability, willingness and binding commitment to provide such improvements, facilities, utilities[,] and services in sufficient time and in a manner consistent with this and other ordinances of [the] [] Township or other government agencies having jurisdiction. **The permit approval shall be so conditioned**.

(5) **No application for issuance of a conditional use permit shall be approved unless** the Planning Commission and **the [Board] shall find that**, **in addition to complying with each of the standards enumerated above**, **any of the application standards contained in other portions of this Ordinance shall be met in instances where the standards contained herein do not adequately protect the general health**[,] **safety**[,] **and welfare of parties affected**, **the Township shall be obligated to impose such conditions in issuance of a permit**. Conditions which might be imposed shall include . . . measures which can be effectuated to remove any potential adverse influence the use may have on adjoining uses, the community, the environment[,] or the public health, safety[,] and general welfare.

B. Certain types of uses shall require the application of **additional review criteria as provided by Article**[s] **IV** [Supplementary Regulations] and V [Non-Conforming Uses].

R.R. at 142a-143a (emphasis added).

14

Relevant here, Article IV, Section 407 of the Ordinance specifies, in pertinent part: "**All uses shall be provided with an adequate water supply**, **as demonstrated by evidence to be provided by the applicant**, **and with a sewage disposal system meeting the need of the proposed use and meeting the requirements of the Township and the** [**DEP**]." R.R. at 131a (emphasis added). Among the purposes of the Sewage Facilities Act is "[t]o protect the public health, safety and welfare of its citizens through the development and implementation of plans for the sanitary disposal of sewage waste." Section 3(1) of the Sewage Facilities Act, 35 P.S. § 750.3(1). Section 73.17 of DEP's Regulations list the sewage flows associated with restaurants and motels. *See* 25 Pa. Code § 73.17. Because Condition 1 requires proof that Durante's septic system can accommodate the additional sewage flows from its proposed use (i.e., mitigates any potential impacts therefrom, *see MarkWest*), Condition 1 was reasonably related to the Ordinance.

Based on this Court's review, the record is devoid of any evidence Durante produced at the Board hearing showing that its current septic system "meet[s] the need[s] of the proposed use" and "the requirements of the Township and [DEP]."[11] R.R. at 131a. Rather than simply producing the required evidence to

---

[11] Durante argues that the trial court erred by quashing the subpoena request to provide additional evidence from Septic Surgeons. Indeed, Section 1005-A of the MPC provides:

> If, upon motion, it is shown that proper consideration of the land use appeal requires the presentation of additional evidence, a judge of the court may hold a hearing to receive additional evidence, may remand the case to the body . . . whose decision . . . has been brought up for review, or may refer the case to a referee to receive additional evidence . . . . If the record below includes findings of fact made by the governing body . . . whose decision or action is brought up for review and the court does not take additional evidence or appoint a referee to take additional evidence, the findings of the governing

15

the Township, Durante continues to rely on its historical septic system use which the record supports negatively affected the community on at least one occasion. Whether the Township properly or improperly granted the 2018 Application and/or Durante previously properly or improperly accommodated more patrons does not satisfy Durante's duty to show relative to *this* Application that the *current* use meets the Ordinance's and Sewage Facilities Act's requirements.[12]  Without such proof, Durante clearly did not meet the Ordinance's conditional use requirements.  Under the circumstances, the Board could have denied the Application.  Instead, the Board imposed Condition 1, affording Durante another opportunity to meet its burden. Because Condition 1 relates to the Ordinance and is supported by the record, it is reasonable, and Durante failed to show that the Board abused its discretion by imposing it.  Accordingly, the trial court properly upheld Condition 1.

**Attorney Briechle's Participation**

Durante also contends that the trial court committed an error of law or abused its discretion by denying Durante's appeal from the Board's failure to appoint an independent hearing officer where Attorney Briechle usurped the Board's authority by acting as the *de facto* hearing officer and violated Durante's due process rights, and where the Board conducted its quasi-judicial function without an independent hearing officer.

---

body . . . shall not be disturbed by the court if supported by substantial evidence. . . .

Added by Section 101 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11005-A.  However, where Durante did not make a timely motion for the trial court to take additional evidence but, rather, requested a briefing schedule and oral argument, the trial court did not violate Section 1005-A of the MPC and properly quashed Durante's subpoena request.

[12] Thus, whether Durante previously indicated or implied in the 2018 Application that it intended to use the concrete pad for outdoor patron dining is irrelevant when reviewing the Conditions imposed relative to the current Application.

Regarding Durante's claim that the Board erred or abused its discretion by failing to appoint an independent hearing officer to conduct its quasi-judicial function in this instance, Section 913.2(a) of the MPC specifies: "The [conditional use] hearing shall be conducted by the [B]oard or the [B]oard may appoint any member or an independent attorney as a hearing officer." 53 P.S. § 10913.2(a). However, "Section 913.2(a) [of the MPC] . . . only permits and does not mandate an appointment of a hearing officer."[13] *Joseph*, 16 A.3d at 1220. Accordingly, the Board did not err or abuse its discretion by failing to appoint an independent hearing officer to conduct its quasi-judicial function in this instance.

Relative to Durante's argument that Attorney Briechle usurped the Board's authority by acting as the *de facto* hearing officer and, thus, violated Durante's due process rights, this Court acknowledges that "in the context of a conditional use hearing, Section 913.2 of the MPC and case law treat the governing board and the municipality as separate entities" so as "to avoid even the appearance of bias or impropriety." *Marshall v. Charlestown Twp. Bd. of Supervisors*, 169 A.3d 162, 166 (Pa. Cmwlth. 2017). This Court has explained:

> A fair trial conducted in a fair tribunal is a basic and fundamental requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. Courts have recognized that "the mere potential for bias or the appearance of non-objectivity may be sufficient to constitute a violation" of due process. *Kuszyk v. Zoning Hearing B[d.] of Amity T[wp.]*, 834 A.2d 661, 665 (Pa. Cmwlth. 2003); *see Horn* [*v. Twp. of Hilltown*, 337 A.2d

---

[13] Further, Section 913.2(a) [of the MPC] provides that "[t]he decision or, where no decision is called for, the findings shall be made by the [B]oard." Therefore, "[e]ven if a hearing is to be conducted by a hearing officer, the ultimate decision on a conditional use application is to be made by the governing body." *K. Hovnanian Pa. Acquisitions*, [*LLC v. Newtown Twp. Bd. of Supervisors*,] 954 A.2d [718,] 724 [(Pa. Cmwlth. 2008)].

*Joseph*, 16 A.3d at 1220.

17

858 (Pa. 1975)]. A question of due process reasonably involves an inquiry into the nature of the process actually provided. *Lyness v. State B*[*d.*] *of Med*[*.*]*,* . . . 605 A.2d 1204 ([Pa.] 1992); *Stone* [*&*] *Edwards Ins*[*.*] *Agency, Inc. v. Dep*[*'t*] *of Ins*[*.*]*,* . . . 636 A.2d 293, 297 [(Pa. Cmwlth.)], *aff'd,* . . . 648 A.2d 304 ([Pa.] 1994).

*HYK Constr. Co., Inc. v. Smithfield Twp.*, 8 A.3d 1009, 1018 (Pa. Cmwlth. 2010) (citations omitted); *see also Voice of Jordan, Inc. v. N. Whitehall Twp. Bd. of Supervisors* (Pa. Cmwlth. No. 1138 C.D. 2013, filed Jan. 9, 2014), slip op. at 8 ("Due process requires that the body adjudicating a case be impartial and disinterested.");[14] *Horn*; *Joseph*; *K. Hovnanian Pa. Acquisitions, LLC v. Newtown Twp. Bd. of Supervisors*, 954 A.2d 718 (Pa. Cmwlth. 2008). Moreover, "[t]he burden is on . . . the party seeking invalidation of the Board's decision[] to show a sufficient conflict of interest or appearance of impropriety . . . ." *Voice of Jordan, Inc.*, slip op. at 9; *see also Joseph*; *Caln Nether Co. v. Bd. of Supervisors of Thornbury Twp.*, 840 A.2d 484 (Pa. Cmwlth. 2004). Further, "[a]ny claims of unfairness or bias should be raised first before the hearing tribunal, in this case the Board, and then ultimately on appeal, otherwise such claims may be deemed waived." *HYK Constr. Co., Inc.*, 8 A.3d at 1021.

Here, because Durante did not object to Attorney Briechle assisting the Board in gathering evidence at either Board hearing, it waived any such objection.[15] Accordingly, the trial court properly found that Durante waived its post-hearing challenge to Attorney Briechle's participation in the Board hearings.

---

[14] Unreported decisions of this Court issued after January 15, 2008, may be cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a). *Voice of Jordan, Inc.* is cited for its persuasive value.

[15] Durante claims in its brief that it "had no objection to the Board not appointing an independent hearing officer until [Attorney Briechle] acted as such" at the hearings, *see* Durante Br. at 17, yet it still did not raise an objection before the Board.

18

**Condition 3**

Durante also argues that the Board erred by imposing Condition 3 prohibiting it from temporarily or permanently enclosing the patio. Specifically, Durante claims the prohibition amounted to an attempt to revoke the Township's 2018 Application approval for the concrete pad that the pavilion now covers.

Condition 3 specifies:

> [Durante] shall not enclose the subject pavilion with either temporary or permanent walls unless [Durante] first obtains all applicable zoning and building permits and certificates from the Township and/or its zoning and/or building codes official.

R.R. at 74a. Because Condition 3 is expressly limited to temporary or permanent *walls*, it is not an attempt by the Board to revoke the Township's 2018 Application approval for Durante to build the concrete pad, and this Court need not determine whether Durante previously indicated that it intended to use the concrete pad for outdoor patron dining.

Moreover, this Court acknowledges that in the Application, Durante sought to build an "unattached, unenclosed" and, thus, wall-less roof over a portion of the previously-approved concrete pad. R.R. at 36a; *see also* R.R. at 39a. While, on its face, it would appear that Condition 3's wall restriction exceeds the Application's breadth, the record evidence before the Board clearly reflected that Durante both covered the concrete pad with a tent from 2018 to 2021, and then built the pavilion in July 2022, without obtaining any Township permits or approvals. The Board was authorized to attach "reasonable conditions and safeguards" to achieve the Ordinance's goal of protecting the Township's plans and the public health, safety, and welfare. 53 P.S. § 10913.2(a). Durante's expansion of its restaurant facilities by constructing the pavilion without completing the necessary sewage planning and securing necessary permits was inconsistent with the

19

Ordinance and the Sewage Facilities Act. Under such circumstances, it was reasonable for the Board in granting the Application to impose Condition 3 to mandate that Durante obtain all necessary approvals *before* Durante undertakes future pavilion alterations.[16] Because Condition 3 relates to the Ordinance and is supported by the record, it is reasonable, and Durante failed to show that the Board abused its discretion by imposing it. Accordingly, the trial court properly upheld Condition 3.

**Condition 4**

Durante further contends that the trial court committed an error of law or abused its discretion by denying Durante's request for a stay from Condition 4, which prohibited Durante from utilizing the pavilion for outdoor patron dining until Durante satisfied Conditions 1, 2, and 3.

The *Process Gas* Court held that granting a stay pending appeal is warranted if:

> 1. The petitioner makes a strong showing that [it] is likely to prevail on the merits.
>
> 2. The petitioner has shown that without the requested relief, [it] will suffer irreparable injury.
>
> 3. The issuance of a stay will not substantially harm other interested parties in the proceedings.
>
> 4. The issuance of a stay will not adversely affect the public interest.

---

[16] The trial court's opinion challenged Jeff Durante's individual standing to assert that the 2018 Application conferred any rights on Durante relative to the Application. However, the record reflects that Jeff Durante individually signed the 2018 Application, the June 2022 Application, and the October 2022 Application. Because no one challenged Jeff Durante's authority to act on Durante's behalf relative to the 2018 or 2022 Applications, and this Court does not see a distinction with a difference relevant here, this Court upholds the Board's decision as to Condition 3 on a different basis.

*Id.* at 808-09. The petitioner must make a strong showing on each of the above criteria to obtain a stay. *See id.* When any one of the criteria is not met, courts "need not scrutinize compliance with the remaining three criteria[.]" *Maritrans G.P., Inc. v. Pepper, Hamilton & Scheetz*, 573 A.2d 1001, 1004 (Pa. 1990).

Here, the trial court denied Durante's stay request because the Board was statutorily authorized to impose the Conditions and issuing the stay would allow increased patron seating and corresponding septic system use without proof the septic system could handle the increased volume. Because Conditions 1 and 3 were reasonable, Durante did not make a strong showing that it was likely to prevail on the merits. Because Durante did not satisfy the merits factor, the trial court did not need to analyze the remaining three stay criteria. *See Maritrans.* Accordingly, the trial court did not err by denying Durante's stay request.

## Conclusion

Based on the foregoing, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

21

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Durante Real Estate Holdings, LLC,      :
              Appellant               :
                                   :
           v.                      :
                                   :
Herrick Township Board of          :    No. 818 C.D. 2023
Supervisors                        :

## O R D E R

AND NOW, this 4th day of October, 2024, the Susquehanna County Common Pleas Court's June 30, 2023 order is affirmed.

_____
ANNE E. COVEY, Judge